FAIR, APPELLEE, *v.* SCHOOL EMPLOYEES RETIREMENT SYSTEM, APPELLANT; ET AL.

[Cite as Fair v. School Employees Retirement System (1978), 53 Ohio St. 2d 118.]

(No. 77-375—Decided February 15, 1978.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee* and *Mr. Robert J. Walter,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas R. Anderson,* for appellant.

SWEENEY, J. The central issue in this cause is whether the School Employees Retirement Board is bound by the consequences of a regulation promulgated by the State Board of Education in determining eligibility of a member in the School Employees Retirement System for disability retirement.

The courts below have held in effect that it is the function of the employer to determine in the first instance the disabilities which will render an employee incapable of performing his assigned duties, and that it is the function of the School Employees Retirement System to determine whether the employee has one of such disabilities. We disagree.

The School Employees Retirement Board was established pursuant to R. C. 3309.03 *et seq.* Among the various duties vested in this board is the determination of whether a member of the School Employees Retirement System is

eligible for disability retirement, as evidenced by R. C. 3309.39. That statute provides in pertinent part:

"Medical examination of a member who has applied for disability retirement shall be conducted by a competent disinterested physician or physicians *selected by the retirement board to determine whether the member is mentally or physically incapacitated for the performance of his last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent.* * * *

"If such physician or physicians determine that the member qualifies for retirement by reason of disability, *and the retirement board concurs with such determination,* the member shall be retired for disability and the action of the board shall be final." (Emphasis added.)

From the clear language of the above provisions, it is evident that the role assigned the retirement board in determining eligibility for disability retirement is much broader than that which the Court of Appeals would allow. Not only does the statute provide that the retirement board determine whether a member of the retirement system is afflicted with a disease or physical impairment, but also whether such condition will prevent the person from satisfactorily performing his assigned job duties. Nowhere does this court find that, for purposes of determining eligibility for disability retirement, the employer (in this cause the State Board of Education) has the authority to determine the latter.

In support of their holding that the regulation of the State Board of Education is controlling, the lower courts cite R. C. 3327.10* which grants authority to the state board

---

*R. C. 3327.10 (A) provides in part:

"No person shall be employed as driver of a school bus * * * by any school district * * * who has not received a certificate from the county board of education * * * certifying that such person * * * is qualified physically and otherwise for such position. The county board * * * shall provide for an annual physical examination that conforms with regulations adopted by the state board of education of each driver to ascertain his physical fitness for such employment."

to promulgate regulations establishing the physical and other qualifications of school bus drivers throughout this state. Although the above statutory provision supports the action of the state board in promulgating the regulation prohibiting persons afflicted with diabetes from employment as school bus drivers, this court cannot find any support for the proposition that a regulation promulgated pursuant to the provision is binding on determinations of the retirement board concerning eligibility of a member of the retirement system for disability retirement.

To hold that regulations promulgated by the state board pursuant to R. C. 3327.10(A) are binding on the School Employees Retirement System would not only lack a statutory base, but also would place the determination of eligibility for disability retirement within the province of an agency having no responsibilities whatsoever for the administration and control of the retirement funds. Such a result clearly does not comport with the scheme created by the General Assembly which established a separate and independent agency to oversee and manage the school employees retirement funds under R. C. Chapter 3309.

The question as to whether appellee Fair should receive a certificate as a school bus driver is subject to those rules and regulations promulgated by the State Board of Education. The question as to whether appellee is entitled to disability retirement is subject to the determination of the retirement board acting under the provisions of R. C. 3309.39. In each instance, the agency involved is required to make an independent decision regarding which diseases or physical impairments constitute disabilities, and to take action accordingly.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

122

LOCHER, J., dissenting. The result of the majority's opinion is indeed unfortunate as it unnecessarily perpetuates this epitome of bureaucratic nightmares. Appellee has been displaced not only from his job by one state agency's regulations that consider him unfit because of his affliction with diabetes, but further has been denied disability retirement from a fund to which he has contributed, because another state agency, although finding him so afflicted, did not believe that this prevented him from performing his duties as a bus driver.

In a well-reasoned opinion, the Court of Appeals found that the State Board of Education was specifically empowered by the General Assembly, in R. C. 3327.10(A), to determine the physical qualifications to be employed as a bus driver, and that the School Employees Retirement Board is under the general authority of R. C. 3309.39 to make the ultimate determination as to whether an employee has become physically incapacitated to meet the *standards* promulgated by the State Board of Education.

Nor do I believe that effectuating this statutory scheme, as suggested in the majority opinion, would debilitate the School Employees Retirement Board's right to oversee and manage the funds. On the contrary, R. C. 3309.39 creates a safeguard, *i. e.,* a system of checks and balances. In the instant cause, the School Employees Retirement Board thus is to ascertain the existence of diabetes, and pursuant to the last paragraph of R. C. 3309.39 its determination is final, thereby foreclosing the possibility of dispute between the employer and the School Employees Retirement Board. Furthermore, the statutory scheme is entirely consonant with the reality, that the State Board of Education can best determine the physical requirements for this job, knowing the responsibilities and risk of school children's lives associated with the driving of a school bus.

Therefore, I respectfully dissent, finding no statutory justification for placing appellee in this perpetually revolving door of bureaucratic confusion.