[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 280.]

[THE STATE EX REL.] SCHWABEN, APPELLANT, *v*. SCHOOL EMPLOYEES
RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. Schwaben v. School Emp. Retirement Sys.*,
1996-Ohio-48.]

*Schools—School bus driver—School Employees Retirement System does not
abuse its discretion in denying application for disability retirement
benefits, when.*

(No. 95-2550—Submitted June 4, 1996—Decided August 7, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD01-110.

_____

{¶ 1} On January 23, 1995, relator-appellant, Harriet I. Schwaben, filed a
complaint for a writ of mandamus in the Court of Appeals for Franklin County
against the School Employees Retirement System ("SERS"), respondent-appellee.
In her complaint, appellant alleged that SERS had abused its discretion in denying
her application for disability retirement benefits.  The parties filed an agreed
statement of facts, stipulating the evidence to be considered by the court of appeals.

{¶ 2} Appellant began driving a school bus for the Tallmadge City School
District in September 1984.  As a result of her employment, appellant was a
member of SERS.  In September 1991, appellant was diagnosed by her attending
physician, Victoria Codispoti, M.D., as suffering from clinical depression.  As part
of appellant's treatment, Dr. Codispoti prescribed Prozac and Desyrel.

{¶ 3} Appellant stopped driving a school bus in May 1993.  In June 1993,
appellant applied for disability retirement benefits with SERS.  In accordance with
required procedures set forth in R.C. 3309.39, the School Employees Retirement
Board selected Jeffery Hutzler, M.D., to examine appellant.  Dr. Hutzler concluded
that appellant was capable of driving a school bus.  According to the parties, Hutzler

specifically determined that appellant was "'not incapacitated in any way in her ability to drive a bus. She shows no side effects from her medication of any sort. In fact, if anything, she is more alert and capable as a driver because she was treated for her depression.'"

{¶ 4} In September 1993, members of the medical advisory committee for SERS reviewed the medical evaluations of appellant conducted by Codispoti and Hutzler. See Ohio Adm. Code 3309-1-41(A).[1] The members concurred with Hutzler's findings that appellant was not incapacitated from performing her duties as a school bus driver. Thereafter, the chairman of the medical advisory committee recommended to the retirement board that appellant's application for disability retirement benefits be denied. Consequently, on October 22, 1993, the board denied appellant's application. Appellant then appealed the denial of her application to the board, but failed to submit additional medical evidence as required by Ohio Adm. Code 3309-1-41(B).[2] The board denied appellant's administrative appeal and further request for reconsideration.

---

1. Ohio Adm. Code 3309-1-41(A) provides:

"The school employees retirement board shall appoint three members to the medical advisory committee who shall be physicians who demonstrate a wide range of competent medical experience, and a chairman for the medical advisory committee who shall act as medical advisor to the retirement board. The chairman shall have authority and responsibility to assign competent and disinterested physicians to conduct medical examinations of disability applicants for purpose of determining the member's eligibility for disability benefits, and to submit to the board a recommendation to accompany the report of the medical examiner and/or the medical advisory committee. * * *"

2. Ohio Adm. Code 3309-1-41(B)(2) provides:

"The following procedures will govern in cases of a member's appeal of a denial of disability benefits or a disability benefit recipient's appeal of a termination of disability benefits.

"The individual shall have the right to submit, within fifteen days of the date on the notice of denial or termination, a notice of intent to appeal by providing additional objective medical evidence. Such additional medical evidence must be received by the retirement board within ninety days from the date on the notice of denial or termination and must be submitted in writing by the individual or by counsel and/or personal physician on behalf of the individual."

{¶ 5} In February 1994, the Summit County Health Department disqualified appellant as a school bus driver. She was disqualified on the basis that she used Prozac and Desyrel to control her condition. The prescribed medications enabled appellant to function adequately as a school bus driver.

{¶ 6} On November 28, 1995, the court of appeals denied appellant's request for a writ of mandamus. Relying on *Fair v. School Emp. Retirement Sys.* (1978), 53 Ohio St.2d 118, 7 O.O.3d 192, 372 N.E.2d 814, the court of appeals held that SERS[3] did not abuse its discretion in denying appellant's application for disability retirement benefits.

{¶ 7} The cause is now before this court upon an appeal as of right.

―――――――――――

*Kevin R. Sanislo*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Christopher S. Cook*, Assistant Attorney General, for appellee.

―――――――――――

**DOUGLAS, J.**

{¶ 8} Appellant contends that the court of appeals erred in denying her request for a writ of mandamus. Specifically, appellant asserts that SERS abused its discretion in denying her application for disability retirement benefits. For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 9} In her first proposition of law, appellant contends that the only physician competent to adequately assess her condition was her treating physician, Dr. Codispoti, and that SERS abused its discretion in not relying, exclusively, on the findings of Codispoti in determining whether she was entitled to disability retirement benefits. In this regard, appellant asserts that Dr. Hutzler should not

―――――――――――

3. For sake of convenience, we will hereinafter refer to the School Employees Retirement Board or the medical advisory committee for SERS as "SERS."

have been selected by SERS to conduct an examination of her and that SERS abused its discretion in relying on Hutzler's findings that she could adequately perform her duties as a school bus driver. We disagree.

{¶ 10} Appellant's contentions are clearly contrary to the express terms of R.C. 3309.39(C). This statute provides:

"Medical examination of a member who has applied for a disability benefit *shall be conducted by a competent disinterested physician or physicians selected by the retirement board* to determine whether the member is mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application. * * *" (Emphasis added.)

{¶ 11} Pursuant to R.C. 3309.39(C), Hutzler conducted an examination of appellant on behalf of SERS. The parties in this case stipulated that Hutzler was "competent to diagnose, treat, and advise on matters regarding psychiatric disorders, including clinical depression." The parties further stipulated that "Dr. Hutzler conducted a thorough examination and evaluation of [appellant's] condition, and determined that [appellant] was not incapacitated from the performance of her job duties as a school bus driver." The findings of *both* Hutzler and Codispoti were reviewed by SERS. SERS determined that appellant was not disabled from performing her job duties and, subsequently, denied appellant's application for retirement disability benefits.

{¶ 12} Clearly, appellant is incorrect in suggesting that SERS abused its discretion in selecting Hutzler to examine appellant. In selecting Hutzler, SERS complied with the required procedures set forth in R.C. 3309.39(C). SERS selected a competent, disinterested physician to examine appellant. SERS had no duty to rely exclusively on the findings of Codispoti. R.C. 3309.39(C) does not require that SERS consider only the findings of the member's treating physician. See, *e.g*.,

4

*State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 630 N.E.2d 701, wherein SERS considered reports of nontreating physicians who conducted examinations of the applicant on behalf of SERS in denying retirement disability benefits.

{¶ 13} Additionally, we also note that even if SERS had relied exclusively on Codispoti's findings, there was no evidence in the record before the court of appeals that Codispoti concluded that appellant was disabled to the extent that she was incapacitated from performing her duties as a school bus driver. The parties in this case stipulated the evidence to be considered by the court of appeals. With respect to Codispoti, the parties stipulated that the doctor was competent to diagnose, treat and report on matters involving psychiatric disorders, that she determined appellant suffered from clinical depression, and that the doctor prescribed Prozac and Desyrel as part of appellant's treatment. The *record* does not contain *any* findings submitted on appellant's behalf by Codispoti regarding whether appellant was incapacitated from performing her job duties as school bus driver.[4] In fact, the only evidence before the court of appeals supports SERS's denial of disability benefits. Appellant stipulated that the medications prescribed by her treating physician controlled her condition and allowed her to function adequately as a school bus driver.

{¶ 14} Accordingly, we find that SERS did not abuse its discretion in selecting Hutzler to perform the examination of appellant as required by R.C. 3309.39(C). We also find that SERS, in denying appellant's application for

---

4. The appendix to appellant's brief before this court contains two reports issued by Codispoti. The court of appeals, however, did not have the benefit of either report. Thus, as a reviewing court, this court will not add matter to the record that was not part of the proceedings before the lower court. See, *e.g.*, *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 162, 656 N.E.2d 1288, 1293, quoting *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus ("'A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'").

disability retirement benefits, acted properly in relying upon the findings of Hutzler and in choosing not to rely exclusively on the findings of Codispoti.

{¶ 15} In her second proposition of law, appellant contends that the determination of whether a disability interferes with a school bus driver's ability to perform his or her job lies solely within the province of the State Board of Education, not SERS. Appellant suggests that a school bus driver who is medically disqualified from driving a school bus pursuant to former R.C. 3327.10 qualifies, automatically, for disability retirement benefits under R.C. 3309.39. Again, we disagree.

{¶ 16} Former R.C. 3327.10(A) provided:

"No person shall be employed as driver of a school bus * * * owned and operated by any school district * * * in this state, who has not received a certificate * * * certifying that such person is at least eighteen years of age and is of good moral character and is qualified physically and otherwise for such position. The county board or the superintendent * * * shall provide for an annual physical examination that conforms with *rules adopted by the state board of education* of each driver to ascertain his physical fitness for such employment. * * *" (Emphasis added.) 143 Ohio Laws, Part III, 4725-4726.

{¶ 17} In this case, the parties stipulated that appellant was disqualified from driving a school bus by the county health department because her prescribed medications were of the type of drugs set forth in Ohio Adm. Code 3301-83-07(E)(12).[5] Appellant argues that because she was disqualified from driving a school bus pursuant to Ohio Adm. Code 3301-83-07(E)(12), she is automatically

---

5. Ohio Adm. Code 3301-83-07(E) (12) provides:

"A person may be certified by the appointed examiner as physically qualified to operate a school bus if the person:

"* * *

"Has no current clinical record of use of amphetamines, amphetamine-like derivatives, narcotic, psychotropic, or any habit-forming drug."

entitled to disability retirement benefits from SERS. However, pursuant to R.C. 3309.39, the determination of whether a member of SERS is entitled to disability benefits rests solely within the province of SERS. See *McMaster*, 69 Ohio St.3d at 133, 630 N.E.2d at 704, and *Fair,* 53 Ohio St.2d 118, 7 O.O.3d 192, 372 N.E.2d 814, syllabus. See, also, Buchter, Hastings, Sheeran & Stype, Ohio School Law (1995-1996) 408-409, T 22.14 (A school bus driver who is disqualified medically under R.C. 3327.10 does not automatically qualify for disability benefits under R.C. 3309.39.).

{¶ 18} In *Fair*, a school bus driver and member of SERS was disqualified from his job by the Mahoning County Board of Education because of a regulation that precluded persons with diabetes from being school bus drivers. The driver applied for disability retirement benefits with SERS. SERS determined that the driver was not disabled from the performance of his duties and, accordingly, denied the driver's application for benefits. The driver then initiated a suit against SERS, claiming that he was entitled to disability retirement benefits as a matter of law. The trial court and the court of appeals ruled in favor of the driver. On appeal, we reversed the judgment of the court of appeals and held that the driver was not entitled to benefits because the regulation promulgated pursuant to former R.C. 3327.10 was not controlling on SERS's determination whether a member was entitled to disability retirement benefits. Specifically, in reversing the judgment of the court of appeals, we stated:

"[I]t is evident that the role assigned the retirement board in determining eligibility for disability retirement is much broader than that which the Court of Appeals would allow. Not only does the statute [former R.C. 3309.39] provide that the retirement board determine whether a member of the retirement system is afflicted with a disease or physical impairment, but also whether such condition will prevent the person from satisfactorily performing his assigned job duties. Nowhere does this court find that, for purposes of determining eligibility for

disability retirement, the employer (in this cause the State Board of Education) has the authority to determine the latter.

"In support of their holding that the regulation of the State Board of Education is controlling, the lower courts cite R.C. 3327.10 which grants authority to the state board to promulgate regulations establishing the physical and other qualifications of school bus drivers throughout this state. Although the above statutory provision supports the action of the state board in promulgating the regulation prohibiting persons afflicted with diabetes from employment as school bus drivers, *this court cannot find any support for the proposition that a regulation promulgated pursuant to the provision is binding on determinations of the retirement board concerning eligibility of a member of the retirement system for disability retirement*." (Emphasis added; footnote omitted.) *Id.*, 53 Ohio St.2d at 120-121, 7 O.O.3d at 194, 372 N.E.2d at 815-816.

{¶ 19} Appellant also suggests that *Fair* should be overruled because R.C. 3327.10(A) is more specific and was enacted after R.C. 3309.39. Therefore, appellant claims, regulations promulgated pursuant to R.C. 3327.10(A) should control SERS's decisions whether an applicant is entitled to disability benefits. However, we believe that *Fair* was correctly decided. We concluded in *Fair*, and we continue to adhere to the position today, that regulations promulgated pursuant to R.C. 3327.10(A) are not binding on SERS. R.C. 3327.10 and 3309.39 are entirely separate statutory pronouncements. They do not refer to the same subject matter. R.C. 3327.10 deals with qualifications of school bus drivers, whereas R.C. 3309.39 governs disability coverage for members of SERS.

{¶ 20} Appellant further suggests that *Fair* is simply unfair. Appellant cites former Justice Locher's dissenting opinion in *Fair*, claiming that a finding by this court that she is entitled to disability benefits would remove applicants that are in this type of situation from the "'perpetually revolving door of bureaucratic confusion.'" *Id.* at 122, 7 O.O.3d at 195, 372 N.E.2d at 816.

**{¶ 21}** We are aware that our decision today may appear to some to be inequitable. However, while it may be tempting to decide this case on subjective principles of equity and fundamental fairness, this court has a greater obligation to follow the law. See *In re Adoption of Zschach* (1996), 75 Ohio St.3d 648 , 664, ___ N.E.2d ___, ___ (Pfeifer, J., dissenting) ("Unlike Solomon, today's judges cannot base their decisions only on fundamental fairness.").

**{¶ 22}** The plain language of R.C. 3327.10(A) and 3309.39 supports this court's position in *Fair,* 53 Ohio St.2d at 121, 7 O.O.3d at 194, 372 N.E.2d at 816: "To hold that regulations promulgated by the state board pursuant to R.C. 3327.10(A) are binding on the School Employees Retirement System would not only lack a statutory base, but also would place the determination of eligibility for disability retirement within the province of an agency having no responsibilities whatsoever for the administration and control of the retirement funds. Such a result clearly does not comport with the scheme created by the General Assembly which established a separate and independent agency to oversee and manage the school employees retirement funds under R.C. Chapter 3309."

**{¶ 23}** Based on the foregoing, we find that SERS properly concluded that appellant was not entitled to disability retirement benefits. Therefore, we affirm the judgment of the court of appeals denying the writ.

*Judgment affirmed.*

MOYER, C.J., COOK and STRATTON,JJ., concur.

STRATTON, J., concurs separately.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

———————————

**STRATTON, J., concurring.**

**{¶ 24}** I reluctantly concur in the majority opinion. It is well-written, well-reasoned, and the law. Its results, however, seem unfair and leave Schwaben in a Catch 22—SERS declares her not disabled for the purposes of driving a school bus;

the county health department declares her not qualified to drive a school bus. Schwaben is caught in a bureaucratic cross fire. However, this is not a remedy for the courts to fashion, but rather the legislature. The legislature, having created both government entities, is in the best position to harmonize the conflict. For us to do so would be to create duties or obligations on SERS or the school boards by judicial fiat. We are correct today in avoiding such a temptation. Therefore, I concur.

———————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 25} It is unreasonable to find someone not entitled to disability retirement benefits where Ohio Adm. Code 3301-83-07(E)(12) medically disqualifies that person from operating a school bus. Although Schwaben is not permitted to operate a school bus due to being medicated on a disqualifying substance pursuant to the foregoing section, medical testimony establishes that she is not entitled to disability retirement benefits because she is competent to drive a school bus.

{¶ 26} I am unwilling to simply overlook this contradictory situation and say that it is not our responsibility to rectify it. I dissent, if for no other reason than to call this matter to the attention of those who are in a position to remedy it, since according to the majority it is not our province to correct this inequity. If it is not our job to see to it that justice is done, then whose is it?

{¶ 27} I would, therefore, reverse the judgment of the court of appeals.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

———————————