OPINION
Plaintiffs-appellants Stephen Mosesson, et al. appeal from a judgment rendered by the Mahoning County Common Pleas Court overruling the magistrate's decision which ordered defendants-appellees James Rach, et al. to sell them a portion of land. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
Appellants and appellees own adjoining properties in Canfield, Ohio. Appellants own Lot 1097. Appellees own Lots 1098 and 93. From the time they purchased their home in 1973, appellants have used a portion of Lot 93 as a driveway. In 1994, they realized that they did not own the property on which the driveway was situated. They unsuccessfully attempted to either purchase the land or obtain an easement from appellees.
Subsequently, appellants filed a complaint against appellees seeking to acquire the land through adverse possession. The complaint, alleging that appellees trespassed, also sought monetary damages and an injunction prohibiting appellees from interfering with appellants' use of the driveway. Appellants filed an amended complaint that added a claim seeking to acquire the land under Ohio's occupying claimant law.
The case proceeded before a magistrate. He concluded that appellants failed to establish the requisite elements of adverse possession. Because appellees owned the property, the magistrate determined that they could not be liable to appellants for trespassing. Furthermore, he found that appellants did not satisfy the requirements of Ohio's occupying claimant law. However, applying equity, the magistrate ordered appellees to sell the disputed land to appellants for $3,250, an amount he determined to be the fair market value.
The trial court overruled the magistrate's decision to force appellees to sell their land. It adopted the remainder of the magistrate's decision. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellants set forth three assignments of error on appeal. The first assignment of error alleges:
 "THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT THE MAGISTRATE COULD NOT INVOKE `EQUITY' AND ORDER APPELLEES TO CONVEY A PORTION OF THEIR REALTY TO APPELLANTS FOR $3,250.00."
Appellants state that they have continuously used the driveway since they bought their property. They note that the driveway existed when they moved in. They claim that the driveway is necessary for the reasonable use and resale of their land. Appellants contend that the magistrate weighed the parties' relative hardships and found that the difficulty, expense and detriment to appellants if they were denied access to the driveway outweighed the detriment appellees would face by having to convey their land. They argue that their remedy at law is inadequate and equity should apply.
 LAW AND ANALYSIS
In this case, appellants failed to meet the requirements necessary to obtain the remedies available to them. First, they were unable to establish a claim under the doctrine of adverse possession. To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years. Grace v. Koch (1998),81 Ohio St.3d 577, syllabus. The magistrate found that appellants established neither continuous use nor exclusive possession. Thus, the remedy of quiet title was not available to them.
Appellants also failed to establish a claim under Ohio's occupying claimant law. R.C. 5303.07 and 5303.08 provide that an occupying claimant shall not be evicted by the true owner until he is paid for the improvements he has made to the land, unless the occupying claimant refuses to pay the owner the value of the land without the improvements. Under R.C. 5303.14, the true owner may elect to tender title of the property to the occupier in return for the unimproved value of the land. Appellants essentially claimed that appellees never payed them for the value of improvements, thereby electing to transfer the land for its unimproved value. Appellants asked the trial court to order appellees to transfer the land to them for the unimproved value. However, the magistrate determined that appellants were unable to invoke the occupying claimant law because they did not meet the requirements of R.C. 5303.08. Furthermore, the magistrate concluded that appellants made only minimal improvements, and the value of these improvements could not be recovered because an agreed judgment entry permitted the parties to improve the driveway at their own cost and peril.
Notwithstanding the failed attempt on the part of appellants to acquire the land through the appropriate actions, the magistrate ordered appellees to sell their land for an amount that he, without any supporting evidence, deemed fair. He justified this result by stating that, "in equity a court tries to do what is right or just." However, the Ohio Supreme Court has held that when there is no cause of action at law, there can be none in equity. Salem Iron Co. v. Hyland (1906),74 Ohio St. 160, 167. The Court further noted in Schwaben v. School Emp.Retirement Sys. (1996), 76 Ohio St.3d 280, 285, that, while it may be tempting to decide a case on subjective principles of equity and fundamental fairness, courts have a greater obligation to follow the law. Unlike Solomon, today's judges cannot base their decisions only on fundamental fairness. Id. In this case, appellants failed to prove the elements of their claims against appellees. As such, no legal remedies were available to them. Therefore, the magistrate could not invent a remedy under the guise of equity.[1]
The trial court properly rejected the portion of the magistrate's decision that ordered the sale of appellees' land. Appellants' first assignment of error is thus found to be without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellants' second assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY: (1) DRAWING A CONCLUSION OF LAW DIFFERENT FROM THE MAGISTRATE'S WHEN THAT CONCLUSION OF LAW WAS NOT SUPPORTED BY THE MAGISTRATE'S FINDINGS OF FACT AND THE TRIAL COURT NEITHER HAD THE TRANSCRIPT BEFORE IT NOR CONDUCTED A DE NOVO HEARING; AND (2) DETERMINING, WITHOUT A TRANSCRIPT OR AFFIDAVIT, THAT THE EVIDENCE PRESENTED TO THE MAGISTRATE AT HEARING DID NOT SUPPORT THE MAGISTRATE'S FINDINGS OF FACT, AND THUS, HIS CONCLUSION OF LAW." (Sic).
 LAW AND ANALYSIS
Appellants did not provide the trial court with a transcript of the proceedings before the magistrate. When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the court could make an independent finding, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State exrel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. In other words, our task is to determine whether the trial court's application of the law to the factual findings constituted an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrill-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
Appellants argue that the trial court could not have reached its conclusion without making independent findings of fact, which it did not do. They claim that the trial court incorrectly concluded that R.C. 5303.08
had to be satisfied before equity could be invoked. Essentially, appellants argue that, given the facts as determined by the magistrate, the trial court was left with no option but to conclude that a forced sale was appropriate.
As previously noted however, an equitable remedy is only appropriate when there is first a legal remedy, and that remedy is inadequate.Hyland, supra. In this case, appellants had no legal cause of action against appellees. Therefore, contrary to appellants' contention, the trial court was correct to reject the magistrate's application of equity. The trial court was not required to make independent findings of fact to reach such a conclusion of law. As such, the trial court did not abuse its discretion. Appellants' second assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellants' third assignment of error alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING THE MAGISTRATE'S DECISION THAT APPELLANTS DID NOT ADVERSLY (sic) POSSESS A 25' X 200' PORTION OF THE DISPUTED PROPERTY WHEN THE MAGISTRATE'S LEGAL ANALYSIS WAS IN ERROR AND HIS CONCLUSION ON (sic) LAW, DRAWN FROM SUCH ANALYSIS, DID NOT COMPORT WITH HIS FACTUAL FINDINGS."
 LAW AND ANALYSIS
As previously noted, to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years.Grace, supra at syllabus. Appellants contend that the magistrate misconstrued this law.
First, they contend that the magistrate incorrectly believed that their knowledge of appellees' ownership of the land defeated their claim. The magistrate stated that it was "difficult to believe that [appellants] who are obviously intelligent people, never asked about their property's boundaries, never read the deed description setting out the boundaries, learned in 1994 of their lack of title, yet took no steps toward resolving the issue until 2, 3 or 4 years after learning." (Magistrate's Decision, 15). Appellants argue that, even if they knew that appellees were the title owners, they could nonetheless adversely possess the property with the intent to claim title.
Second, appellants claim that the magistrate improperly determined that their efforts to obtain an easement or purchase the property negated their claim for adverse possession. They contend that they had already been using the land continuously for more than 21 years when they approached appellees about obtaining an easement or title to the property.
Third, appellants argue that the magistrate improperly found that they were not in continuous possession of the disputed land for the requisite 21 year period. Appellants originally acquired their property in 1973. In 1978, however, appellants transferred their property to Clark W. and Della Springsteen. The Springsteens owned the property until 1982 when they transferred it back to appellants. The magistrate noted that appellants failed to show that the Springsteens did anything against appellees showing an adverse claim. Without the Springsteens' time tacked onto appellants', the magistrate found that appellants did not establish 21 continuous years of adverse possession. Appellants claim, however, that while the Springsteens were the title owners of the property between 1978 and 1982, appellants remained in possession the entire time. They insist that during that period, they continuously used the disputed property.
Fourth, appellants contend that the magistrate incorrectly determined that they did not exclusively use the disputed land. They claim that they and appellees used a portion of Lot 93 concurrently, but appellees did not share the area with the driveway.
Finally, appellants argue that the magistrate incorrectly determined that their use was not open and notorious. The magistrate stated that, "[appellants] were unable to offer testimony of any neighbors evidencing their open and notorious possession." (Magistrate's Decision, 16). Appellants claim that their use was open and obvious to anyone who drove past because they parked on the driveway and did such things on the grassy area as plant trees, play games and have picnics.
Initially we note that appellants' first contention is reasonable as the doctrine of adverse possession applies to persons who honestly enter and hold land in the belief that it is their own, as well as to personswho knowingly appropriate the land of another for the purpose ofacquiring title. Vanasdal v. Brinker (1985), 27 Ohio App.3d 298, 299, citing Yetzer v. Thoman (1866), 17 Ohio St. 130, 133 (emphasis added). However, for the following reasons, we find that the trial court was correct in adopting the magistrate's conclusion that appellants did not establish a claim under adverse possession.
If a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's findings without further consideration. Purpura v. Purpura (1986), 33 Ohio App.3d 237,239. In this case, appellants did not file the transcript with the trial court. Therefore, the only facts before the trial court were those determined by the magistrate. Those facts do not support appellants' contention that they satisfied the elements of adverse possession. The magistrate found that appellants' use of the disputed property was not exclusive. Appellees mowed the lawn adjacent to the driveway. They had the lawn sprayed by Chemlawn. They parked cars, trucks and equipment on the driveway. They plowed snow from the area.
Furthermore, evidence was presented that appellees gave appellants permission to use the driveway when appellants first moved in. Possession is not adverse if it is by permission of the owner. Nusekabel v.Cincinnati Public School Employees Credit Union, Inc. (1997),125 Ohio App.3d 427, 433. Given the facts as determined by the magistrate, appellants failed to clearly and convincingly establish all the elements of adverse possession. As such, appellants' third assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DONOFRIO, J., concurs, DeGENARO, J., concurs.
[1] Equity is reserved for parties who, unlike appellants, establish an entitlement to legal relief. When the relief to which they are entitled is inadequate to make them whole, the court's equitable powers may be invoked.