{¶ 1} Relator, Patricia Schmidt, commenced this original action requesting a writ of mandamus ordering respondent, School Employees Retirement System ("SERS"), to vacate its order denying relator's application for disability retirement benefits, and to enter an order granting her application.
 {¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.)
 {¶ 3} The magistrate determined that relator failed to file a brief in compliance with Loc.R. 12(J) and App.R. 19. Moreover, the magistrate determined that the non-compliance was so substantial that, in effect, relator failed to file a brief that provides any basis upon which the court could address the merits of relator's claim. Therefore, the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 4} No objections have been filed to the magistrate's decision.
 {¶ 5} We agree with the magistrate's determination that relator failed to file a brief in compliance with Loc.R. 12(J) and App.R. 19, thereby justifying the denial of the requested writ of mandamus. However, we modify the magistrate's conclusions of law to further point out that the argument relator appears to advance was rejected in State ex rel. Schwaben v. School Empl. Retirement Sys. (1996), 76 Ohio St.3d 280. In Schwaben, the court held that a person who is disqualified from driving a school bus due to prescribed medication is not automatically entitled to SERS disability benefits. Rather, the determination of whether a member of SERS is entitled to disability retirement is solely within the province of the retirement board pursuant to R.C. 3309.39. Id; see, also, Fair v. School Empl. Retirement Sys. (1978),53 Ohio St.2d 118.
 {¶ 6} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the findings of fact but modify the conclusions of law as noted above. In accordance with the magistrate's recommendation, the requested writ of mandamus is denied.
Writ of mandamus denied.
PETREE, P.J., and WRIGHT, J., concur.
WRIGHT, J., retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 7} In this original action, relator, Patricia Schmidt, requests a writ of mandamus ordering respondent School Employees Retirement System ("SERS") to vacate its order denying relator's application for disability retirement benefits, and to enter an order granting the application.
Findings of Fact:
 {¶ 8} 1. On January 24, 2002, relator filed her complaint for a writ of mandamus in the First District Court of Appeals.
 {¶ 9} 2. On February 15, 2002, relator filed an amended complaint for a writ of mandamus. In her amended complaint, relator alleges generally that SERS abused its discretion by denying her application for disability retirement benefits. According to the amended complaint, on April 11, 2000, relator was injured in an automobile accident that left her disqualified for her job as a school bus driver. According to the amended complaint, relator supported her application with evidence from her physician indicating that the prescription medications she must take as a result of the automobile accident disqualify her from her employment as a school bus driver.
 {¶ 10} 3. On March 22, 2002, pursuant to respondent's motion, the First District Court of Appeals ordered the transfer of this action to this court under Civ.R. 3(C).
 {¶ 11} 4. Thereafter, the undersigned was appointed magistrate to this action.
 {¶ 12} 5. On April 30, 2002, respondent SERS filed in this court its answer to the amended complaint. Thereafter, this magistrate issued an order setting forth a schedule for the filing of a stipulation of evidence and the filing of the briefs of the parties.
 {¶ 13} 6. On June 13, 2002, the parties filed the stipulation of evidence consisting of documents from the SERS claim file regarding relator's application for disability retirement benefits.
 {¶ 14} 7. On June 21, 2002, relator filed a document captioned "Relator's Brief." This document is three pages in length.
 {¶ 15} 8. The first page, or cover page, of "Relator's Brief" states:
 {¶ 16} "Now comes Relator and submits her brief in the above captioned case seeking a writ of mandamus ordering the School Employees Retirement System to grant her disability benefits. This Honorable Court should grant the writ because no reasonable person could find her qualified to drive a school bus, given the medications that she must take to alleviate her pain, and it was thus an abuse of discretion to deny her benefits."
 {¶ 17} 9. Page two of "Relator's Brief" is captioned "Argument." The so-called argument runs to the middle of page three which also contains the certificate of service.
 {¶ 18} 10. Relator's "Argument" states in its entirety:
 {¶ 19} "Relator is in the unenviable position of seeking a good faith change in existing law based upon its harsh and inequitable effect upon her and upon those persons similarly situated. The stipulation of evidence makes two things clear; she is disqualified from any ability to drive a school bus (as her medications are illegal for drivers, and as she has significant pain that keep[s] her from operating the doors), and the SERE turned down her application for benefits. See pages 5, 42-3, OAC3301-87-07(E).
 {¶ 20} "A cause of action in mandamus is available to her since she has exhausted all administrative remedies from which she has no right to appeal. In addition, mandamus is available in that it may be utilized to correct any abuse of discretion in the administrative proceedings. State, ex rel. Breno, v. Indus. Comm. (1973), 34 Ohio St.2d 227 * * *. A cause of action in mandamus will lie to permit a private individual to compel a public officer to perform an official act where such officer is under a clear legal duty to do so, and where relator has an interest or is being denied a right or benefit by reason of the public officer's failure to perform the act which he is under the clear legal duty to perform. State, ex rel. Pressley, v. Indus. Comm. (1967), 11 Ohio St.2d 141, 4.
 {¶ 21} "Unfortunately, the Ohio Supreme Court, to date has punted responsibility to the legislature for the fact that one branch of the government can call her disabled, while another denioes [sic] because she is not.
 {¶ 22} "Justice Resnick, addressing this lamentable situation, commented in: State ex rel. Schwaben v. School Emp. Retirement Sys. (1996), 76 Ohio St.3d 280[:]
 {¶ 23} "(Resnick, J. dissenting). `It is unreasonable to find someone not entitled to disability retirement benefits where Ohio Adm. Code 3301-83-07(E)(12) medically disqualifies that person from operating a school bus. Although Schwaben is not permitted to operate a school bus due to being medicated on a disqualifying substance pursuant to the foregoing section, medical testimony establishes that she is not entitled to disability retirement benefits because she is competent to drive a school bus. I am unwilling to simply overlook this contradictory situation and say that it is not our responsibility to rectify it. I dissent, if for no other reason than to call this matter to the attention of those who are in a position to remedy it, since according to the majority it is not our province to correct this inequity. If it is not our job to see to it that justice is done, then whose is it?[']
 {¶ 24} "Relator invites this Court of Appeals to grant the writ of mandamus and remedy this appalling inequity."
 {¶ 25} 11. On July 9, 2002, respondent SERS filed its brief. Thereafter, this action was submitted to the magistrate for his written decision.
Conclusions of Law:
 {¶ 26} It is the magistrate's decision that this court deny relator's request for a writ of mandamus for relator's failure to file a brief in compliance with Loc.R. 12(J) and App.R. 19.
 {¶ 27} Loc.R. 12(J) is captioned "Briefs." Loc.R. 12(J) states:
 {¶ 28} "(J) Briefs. Briefs shall conform to App.R. 19. The brief of the plaintiff shall contain, under appropriate headings, and in the order here indicated:
 {¶ 29} "(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited.
 {¶ 30} "(2) A state of the issues presented.
 {¶ 31} A statement of the case. The statement shall first indicate briefly the nature of the case. There shall follow a statement of the facts relevant to the issues presented.
 {¶ 32} "(4) An argument. The argument shall contain the contentions of the plaintiff with respect to the issues presented, and the reasons therefor, with citations to the authorities and statutes relied on.
 {¶ 33} "(5) A short conclusion, stating the precise relief sought."
 {¶ 34} The "Relator's Brief" filed June 21, 2002, fails to contain a table of contents, table of cases, a statement of the issues presented, and a statement of the case. Moreover, the so-called "Argument" portion of "Relator's Brief" fails to actually present an argument upon which this court could review the stipulation of evidence for an alleged abuse of discretion.
 {¶ 35} While relator's "Argument" states that relator seeks to change existing law, it is unclear what existing law relator seeks to change and how the change would affect the outcome of her application for disability retirement benefits. Relator quotes at some length from the dissenting opinion in State ex rel. Schwaben v. School Emp. Retirement Sys. (1996), 76 Ohio St.3d 280, but it is unclear how Schwaben relates to relator's amended complaint in mandamus.
 {¶ 36} It seems clear to this magistrate that relator's failure to comply with the requirements of Loc.R. 12(J) and App.R. 19, is so substantial that, in effect, relator has failed to file a brief that provides any basis upon which this court can address whatever merit issues that relator may have intended to present when the amended complaint was filed. See, State ex rel. Long v. Century Temporary Servs. (May 17, 2001), Franklin App. No. 00AP-805 (Memorandum Decision).
 {¶ 37} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.