DECISION
{¶ 1} Relator, Mildred Stiles, filed this original action in mandamus. Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On April 25, 2003, the magistrate rendered her decision, including findings of fact and conclusions of law, wherein she recommended denial of the writ. (Attached as Appendix A.) Relator timely filed objections to the magistrate's decision, which objections are now before the court.
 {¶ 2} Relator was formerly a school bus driver employed by the Nordonia Hills City Schools. On March 1, 1999, she sustained injuries when the driver's seat of her bus malfunctioned. Relator has not worked since the date of her injury. On June 27, 2001, relator submitted a disability retirement application to respondent, State Employees Retirement System ("SERS"). With her application, relator submitted a report from her treating physician, Dr. James Bressi. Dr. Bressi opined that relator was physically and/or mentally incapacitated for a period of at least 12 months, and is unable to perform the duty for which she was formerly responsible as a school employee. Relator also submitted the November 12, 2001 report of Dr. Bressi and Dr. Rita Cowan. Therein, Drs. Bressi and Cowan stated that "Major Depression" is an underlying cause of relator's disability. Dr. Cowan submitted a written report recommending that relator's claim be additionally allowed for major depression, and that relator receive additional treatment to overcome the depression.
 {¶ 3} SERS appointed psychiatrist, Dr. Nancy Vaughan, to examine relator. On September 26, 2001, Dr. Vaughan submitted a report in which she opined that relator experiences pain that is out of proportion to the objective physical findings, and that relator has poor sleep, which aggravates the pain. Noting that relator had not had any physical therapy since the surgery for her low back, Dr. Vaughan recommended a flexibility program, including aquatic therapy. Dr. Vaughan also recommended myofascial release, ultrasound therapy, nonsteroidal pain medication, a tricyclic antidepressant before bedtime to alleviate sleep problems, and a weight-loss program. Dr. Vaughan further opined that relator is not permanently disabled, but only temporarily disabled due to her pain and aggravating factors. Dr. Vaughan suggested that relator's treating physician consider her recommendations and that relator be re-evaluated in six to nine months.
 {¶ 4} SERS then informed relator that it would delay processing of relator's application so as to give her the opportunity, along with her treating physician, to take advantage of the therapies recommended by Dr. Vaughan. The delay was also for the purpose of allowing relator time to submit an attending physician's report with respect to her depression.
 {¶ 5} Dr. Bressi subsequently wrote a letter to SERS, dated November 20, 2001, indicating that he felt Dr. Vaughan's suggested therapies would be a waste of time. Relator submitted an attending physician's report dated November 2, 2001, wherein Dr. Terrance Scanlon opines that relator was mentally incapacitated for a period of at least 12 months and is unable to perform her former duties as a school employee due to her depression. By letter dated December 28, 2001, relator waived the treatment advised by Dr. Vaughan and requested that SERS move forward with the processing of her application for disability retirement benefits.
 {¶ 6} SERS ordered that Dr. Jeffery C. Hutzler examine relator. After doing so, Dr. Hutzler issued a report dated February 7, 2002, wherein he concluded that relator is not incapacitated in her ability to drive a bus as a result of any psychiatric condition.
 {¶ 7} On April 19, 2002, relying upon the recommendations of its Medical Advisory Committee, SERS informed relator that her application was not approved. After relator appealed that decision and submitted additional reports, SERS' Medical Advisory Committee again reviewed relator's application. By letter dated September 17, 2002, SERS informed relator that the retirement board upheld its original denial of her application.
 {¶ 8} Thereafter, relator filed this action, seeking a writ of mandamus ordering SERS to approve her application or, in the alternative, to issue a new decision that specifically identifies the evidence relied upon and the reasons for the denial.
 {¶ 9} In order to obtain a writ of mandamus, relator must establish that she has a clear legal right to the relief requested, that SERS has a clear legal duty to grant it, and that no adequate remedy at law exists to vindicate the claimed right. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123, 125, 30 N.E.2d 696. Pursuant to R.C. 3309.39, the determination of whether a member of SERS is entitled to disability retirement benefits is solely within the province of the retirement board. State ex rel. McMaster v. School Emp. Retirement Sys. (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701. However, a determination by the retirement board that an applicant is not entitled to disability retirement benefits is subject to review by mandamus, which may also be utilized to correct any other abuse of discretion in the proceedings. Id.
 {¶ 10} Following a hearing, the magistrate in the instant case concluded that the writ of mandamus should be denied. Relator now objects to the magistrate's conclusions that SERS is not required to articulate in detail its reasons for denial of relator's disability retirement application, and that a consulting physician's report may be given as much weight as the report of a treating physician. Relator further argues that the magistrate failed to discuss relator's arguments addressed to the unreliability of the consulting psychiatrist's report, and SERS' failure to appoint a separate expert to conduct a "vocational analysis."
 {¶ 11} In her decision, the magistrate concluded that SERS is not required to set forth the evidence relied upon in reaching its decision, and to provide an explanation for the denial of benefits in the manner required of the Industrial Commission of Ohio pursuant to State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. This court so held in State ex rel. Copeland v. School Emp. Retirement Sys. (Aug. 5, 1999), Franklin App. No. 98AP-1173. In that case, this court noted that R.C. 3309.39 is silent as to the obligation of SERS when it denies disability benefits. Under Ohio Adm. Code 3309-1-41(B)(1), SERS is only required to issue a "notice of denial" to the applicant informing her of the medical evaluation, the board's decision, and the procedures for and right to appeal. Accordingly, the magistrate correctly concluded that SERS is not required to set forth in detail the basis for its decision, and that relator's argument in this regard is without merit.
 {¶ 12} The magistrate also concluded that Ohio law allows SERS to accord as much weight to a non-treating physician's report as it does to a report of a treating physician. In State ex rel. Schwaben v. School Emp. Retirement Sys. (1996), 76 Ohio St.3d 280, 667 N.E.2d 398, the Supreme Court of Ohio rejected the argument that only a treating physician is competent to adequately address a member's condition, and that SERS abuses its discretion in relying upon a consulting physician's report.
 {¶ 13} In State ex rel. McMaster v. School Emp. Retirement Sys. (1994), 69 Ohio St.3d 123, 630 N.E.2d 701, the Supreme Court of Ohio held that the determination of whether a member is entitled to disability retirement benefits is solely within the discretion of the retirement board, and the board may deny benefits based upon the recommendation of a non-treating physician. It is clear that SERS was not required to accord any greater weight to relator's treating physicians' reports than to the report of Dr. Vaughan. Accordingly, the magistrate did not err in concluding that this argument of relator fails.
 {¶ 14} In her brief, relator argued that Dr. Vaughan's report contains "flaws in its analysis" and as such, SERS abused its discretion in relying upon same. Relator argues in her objections that the magistrate erred in failing to specifically address this argument in her decision. However, the magistrate did address the issue of whether SERS abused its discretion in denying relator's application. The magistrate also addressed whether it was an abuse of discretion for SERS to utilize Dr. Vaughan's report in its decision-making process. Therefore, the magistrate adequately addressed relator's argument with respect to the reliability of Dr. Vaughan's report.
 {¶ 15} Relator further argued in her brief that, even if Dr. Vaughan's report is sound on its own, it does not provide sufficient support for SERS' denial of relator's disability retirement application, and SERS abused its discretion when it failed to order a separate "vocational analysis," to be used in determining whether relator was unable to return to her former job. Relator argues in her objections that the magistrate should have specifically addressed this issue in her decision.
 {¶ 16} Again, the magistrate did discuss whether respondent may accord the same or more weight to Dr. Vaughan's report than to the reports of treating physicians. Just as relator apparently has no quarrel with her treating physician including "vocational" conclusions in his report, it was not an abuse of SERS' discretion to accord more weight to the report of a non-treating physician who also included "vocational" conclusions in her report. Further, we do not believe that it was an abuse of discretion for SERS to rely on the reports before it and to not order a separate report from a "vocational expert." Nothing in the applicable statutes, regulations or case law requires that SERS do so, and we find no merit to relator's contentions in this regard.
 {¶ 17} After an examination of the magistrate's decision, an independent review pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
LAZARUS and WATSON, JJ., concur.
 DECISION IN MANDAMUS {¶ 18} Relator, Mildred Stiles, has filed this original action requesting that this court issue a writ of mandamus ordering respondent School Employees Retirement System ("SERS") to vacate its order which denied relator's application for disability benefits and ordering SERS to grant her application for disability benefits. In the alternative, relator requests a limited writ of mandamus ordering SERS to issue a new order specifically identifying the evidence relied upon and explaining its reasons for denying relator's application.
Findings of Fact:
 {¶ 19} 1. Relator was employed as a school bus driver for the Nordonia Hills City Schools until March 1, 1999, when her seat collapsed and she sustained her injuries of record. Relator has not worked since the date of her injury.
 {¶ 20} 2. The record is replete with evidence documenting relator's continuous treatment following her injury which included a lumbar discectomy in 1999. Relator had a dorsal collar stimulator implanted in January 2001; however, it was removed in March 2001 when it became infected.
 {¶ 21} 3. On June 27, 2001, relator submitted a disability retirement application. As part of her application, relator submitted an attending physician report from her treating physician Dr. James Bressi. Dr. Bressi certified that relator was physically and/or mentally incapacitated for a period of at least 12 months, and is unable to perform the duty for which she was formally responsible as a school employee. He indicated that relator became disabled on March 1, 1999, and listed the following medical conditions as disabling her: "Displaced Disc Lumbar, Chronic Sprain Cervical, Lumbar, Sacral."
 {¶ 22} 4. Dr. Bressi and Dr. Rita Cowan submitted a second attending physician report signed November 12, 2001, indicating "Major Depression" as an underlying condition causing relator to be disabled. Dr. Cowan submitted a written report recommending that relator's claim be additionally allowed for the diagnosis of major depression from which relator has been suffering increasingly since the spinal cord stimulator trial. Dr. Cowan indicated that relator needed additional treatment to deal with her depression.
 {¶ 23} 5. After receiving her application, SERS appointed Dr. Nancy Vaughan, a physiatrist, to examine relator. Dr. Vaughan submitted a report, dated September 26, 2001, wherein she noted her objective findings concerning relator's physical conditions. Dr. Vaughan recommended the following:
 {¶ 24} "During the examination today, she had pain out of proportion to objective physical findings. She does have significant muscle tightness and tenderness in the trapezius muscles as well as the paraspinal muscles. This is likely aggravated by her poor overall condition and poor sleep. She has not been through any physical therapy since the surgery for her low back. She should be on a generalized program for flexibility. She would benefit from aquatic therapy in particular. She would also benefit from some soft tissue work in the form of myofascial release. She has developed significant pain in the left shoulder that is likely due to adhesive capsulitis. She should have this addressed in the form of physical therapy consisting of ultrasound as well as range of motion exercises. She would benefit by being placed on a nonsteriodal medication to decrease pain and inflammation. She also needs her sleep improved and would benefit from a tricyclic antidepressant two hours before bed. Additionally, she would benefit from a weight loss program.
 {¶ 25} "It is my opinion that she is not permanently disabled from being able to carry out her duties as a school bus driver. She complains of significant pain out of proportion to objective physical findings. She would benefit from the above outlined program to work on decreasing her pain and increasing her flexibility. At this time, she is in so much pain that I feel she is temporarily disabled but if she is placed on a proper program she should improve in six to nine months. I would suggest that her treating physician consider these recommendations and she should be re-evaluated in six to nine months."
 {¶ 26} 6. By letter dated October 24, 2001, SERS informed relator that the processing of her application was being suspended to allow her to consult with her treating physician regarding additional treatment for her physical complaints as well as giving her the opportunity to submit an attending physician's report regarding her depression.
 {¶ 27} 7. Dr. Bressi submitted a letter to SERS, dated November 20, 2001, indicating that he disagreed with Dr. Vaughan's opinions. Dr. Bressi indicated that relator had tried many pain medications which had severe side effects and provided her with minimal relief from pain. He also indicated that relator's cervical disc herniation might need to be treated with surgery. He further indicated that Dr. Vaughan's recommendation of therapy would be a waste of time and money which could be better spent on other patients.
 {¶ 28} 8. Relator submitted an attending physician report from Dr. Terrance Scanlon, dated November 2, 2001, indicating that relator was mentally incapacitated for a period of at least 12 months and is unable to perform her duties as a school employee due to her depression.
 {¶ 29} 9. By letter dated December 28, 2001, relator notified SERS that she was waiving the treatment advised by Dr. Vaughan and requested that SERS continue processing her claim. Relator subsequently submitted medical records dating back to 1993 in support of her application.
 {¶ 30} 10. SERS had relator examined by Dr. Jeffery C. Hutzler who issued a report dated February 7, 2002. Dr. Hutzler examined relator for her psychological condition and concluded as follows:
 {¶ 31} "* * * Mrs. Stiles is not incapacitated in her ability to drive a bus from a psychiatric standpoint in any way. She has always been a somewhat anxious person but has functioned without difficulty over the years, although she notes that this has in some ways caused others to comment on her anxious behavior. This has not been aggravated or worsened in any way by her injury. She presently is managing in a way that would be compatible with a normal response to her present medical situation." (Emphasis sic.)
 {¶ 32} 11. The Medical Advisory Committee reviewed relator's entire disability file, including the medical records from her attending physicians and recommended that relator's application for disability retirement be denied. By letter dated April 19, 2002, relator was notified that the SERS retirement board agreed with the recommendations of the Medical Advisory Committee to disapprove her application.
 {¶ 33} 12. Relator appealed and, by letter dated May 9, 2002, relator was informed of the following:
 {¶ 34} "In reference to your written appeal and request for a personal appearance received May 3, 2002, additional objective medical evidence must meet the following requirements or all rights to appeal shall cease and no personal appearance will be considered:
 {¶ 35} "be current in relation to the disability claimed on the application; and
 {¶ 36} "consist of information not already considered by SERS; and
 {¶ 37} "be documented by a licensed physician specially trained in the medical
 {¶ 38} field of the disability claimed; and
 {¶ 39} "be received in our office no later than July 18, 2002[.]" (Emphasis sic.)
 {¶ 40} 13. In response, relator forwarded several additional reports to SERS.
 {¶ 41} 14. Thereafter, the Medical Advisory Committee again reviewed relator's disability file, including the information she submitted on appeal, and concluded as follows:
 {¶ 42} "Information submitted on appeal was reviewed. The submissions do not constitute additional objective evidence as defined in Ohio Administrative Rule 3309-1-41. Based upon review of the entire file, including the submissions on appeal, the Medical Advisory Committee sees no basis to change the original decision to deny disability retirement and recommends that the appeal be denied."
 {¶ 43} 15. By letter dated September 17, 2002, relator was informed that additional objective medical evidence was not established in her appeal, that her request for a personal appearance was denied, and that the retirement board upheld the original decision to deny her disability retirement application.
 {¶ 44} 16. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 45} In order to obtain a writ of mandamus, relator must establish that she has a clear legal right to the relief requested, that respondent has a clear legal duty to grant it, and that no adequate remedy exists to vindicate the claimed right. State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123. Pursuant to R.C. 3309.39, the determination of whether a member of SERS is entitled to disability retirement benefits is solely within the province of the retirement board. State ex rel. McMaster v. School Emp. Retirement Sys. (1994),69 Ohio St.3d 130. However, a determination by the retirement board that an applicant is not entitled to disability retirement benefits is subject to review in mandamus, which may also be utilized to correct any other abuse of discretion in the proceedings. Id. As stated previously, relator requested this court issue a writ of mandamus ordering SERS to grant her application for disability benefits, or, in the alternative, relator requests a limited writ of mandamus from this court ordering SERS to issue a new decision specifically identifying the evidence relied upon and explaining the reasoning for denying relator's application. For the reasons that follow, this magistrate finds that relator is not entitled to a writ of mandamus.
 {¶ 46} In her first argument, relator contends that the overwhelming amount of evidence in the file supports her entitlement to disability retirement. Relator urges this court to find that a treating physician's opinion should be given greater weight than a consulting examiner's opinion.
 {¶ 47} In State ex rel. Schwaben v. School Emp. Retirement Sys. (1996), 76 Ohio St.3d 280, the relator had argued that the only physician competent to adequately address her condition was her treating physician and that SERS abused its discretion in not relying, exclusively, on the findings of her treating physician in determining whether she was entitled to disability retirement benefits. The court rejected this contention and affirmed SERS's denial of benefits, holding that SERS had no duty to rely exclusively on the findings of the member's treating physician. Similarly, in McMaster, supra, the Ohio Supreme Court affirmed SERS's denial of benefits upon the recommendation of the disinterested physicians, despite the contrary conclusions of the applicant's treating physician. As evidenced by the Supreme Court's decision in both Schwaben and McMaster, SERS is not required to accord a treating physician's opinion any greater weight than that of the independent medical examiners appointed by SERS to render an opinion. As such, this argument of relator fails.
 {¶ 48} Relator also contends that SERS should be required to set forth the evidence relied upon and provide an explanation for its denial of retirement benefits just as the Industrial Commission of Ohio is required to do pursuant to State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203. Relator cites State ex rel. Green v. Public Emp. Retirement Sys. (June 22, 1999), Franklin App. No. 98AP-567, wherein this court concluded that the Public Employees Retirement System and the Public Employees Retirement Board ("PERS") were required to identify the evidence relied upon and explain the reasoning for its decision. This court specifically relied upon the language in Ohio Adm. Code Section145-11-02 which specifies that the PERS's denial of disability benefits shall state its basis of denial. Because the rules affecting PERS specifically required that PERS provide the basis of its denial of an application, this court concluded that the rationale from Noll and its progeny applied.
 {¶ 49} However, by comparison, in State ex rel. Copeland v. School Emp. Retirement Sys. (Aug. 5, 1999), Franklin App. No. 98AP-1173, this court was specifically faced with the question of whether Noll should be extended to decisions from SERS. This court noted that R.C. 3309.39 is silent concerning the obligation of SERS when it denies disability benefits to a member. This court also noted that, pursuant to Ohio Adm. Code 3309-1-41(B)(1), SERS is only required to issue a notice of the denial to the applicant informing them of the medical evaluation, the board's decision, and the procedures for and the right to appeal. Further, under Ohio Adm. Code 3309-1-41(D), if SERS concurs with the recommendation for the denial of an appeal, SERS is only required to notify the applicant by letter of such decision. Because the Revised Code and the Ohio Administrative Code do not require that SERS provide a reasons for its denial, this court refused to extend the rationale from Noll and its progeny to decisions from SERS. Furthermore, recently, in State ex rel. Pipoly v. State Teachers Retirement Sys., 95 Ohio St.3d 327,2002-Ohio-2219, the Ohio Supreme Court cited this court's decision in Copeland when it construed analogously similar statutes relating to the State Teachers Retirement System ("STRS") and held that it would not extend Noll to STRS decisions denying disability. Specifically, the court noted as follows:
 {¶ 50} "Upon consideration, we decline Pipoly's request to extend Noll to orders of the STRS and STRB granting or denying disability retirement benefits. By the plain language of its syllabus, Noll is limited to Industrial Commission orders involving workers' compensation claims. * * *
 {¶ 51} "* * *
 {¶ 52} "* * * Accepting Pipoly's request to extend Noll and Mitchell [State ex rel. Mitchell v. Robbins Myers, Inc. (1983),6 Ohio St.3d 481] to require that STRS and STRB state what evidence they relied upon and specify their reasoning in denying her application for disability retirement benefits would contravene the foregoing precedent because neither R.C. 3307.62 nor any administrative rule adopted thereunder imposes any duty on STRS or STRB to do so. * * *
 {¶ 53} "* * *
 {¶ 54} "Therefore, while extending Noll to STRS and STRB determinations may be tempting based on policy considerations, * * * we will not impose the Noll requirements in the absence of a statutory duty or a comparable need for these requirements in cases other than workers' compensation cases. * * *" Id. at ¶ 16, 18, 22.
 {¶ 55} As such, this argument of relator is not well-taken.
 {¶ 56} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that SERS abused its discretion in relying on medical evidence other than from her treating physicians in denying her application for disability retirement benefits. Furthermore, SERS is not required to cite the evidence relied upon, nor is it required to provide the reasons for its decision. As such, relator has not demonstrated that she is entitled to a writ of mandamus and this court should deny her request.