[Cite as *State ex rel. Hartman v. State Teacher's Retirement Sys. of Ohio*, 2014-Ohio-1379.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Lindi Hartman, | : | |
| | : | |
| Relator, | : | |
| | : | No. 13AP-293 |
| v. | : | |
| | : | (REGULAR CALENDAR) |
| State Teachers Retirement System of Ohio, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 31, 2014

*Baasten, McKinley & Co., L.P.A., Cornelius J. Baasten,* and *Anthony M. DioGuardi, II,* for relator.

*Michael DeWine*, Attorney General, and *Allan K. Showalter,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶1} Relator, Lindi Hartman ("relator"), commenced this original action asserting that respondent, State Teachers Retirement System of Ohio ("STRS"), had failed to provide her with adequate notice and an opportunity to be heard prior to denying her application for disability retirement benefits. Relator seeks a writ of mandamus ordering STRS to "resume the processing" of her application after having first provided her notice of her rights relative to her appeal of the agency's initial denial of her application. (Complaint, 3.) We assigned the matter to a magistrate of this court pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued a decision, attached hereto as an appendix, which includes findings of fact and conclusions

of law, as well as a recommendation that this court deny the requested writ of mandamus. We accept the magistrate's recommendation that we deny the requested writ.

{¶2} Furthermore, STRS has identified several technical errors in the magistrate's decision, which we correct below. As corrected, we adopt the magistrate's findings of fact and conclusions of law.

## I.  Summary of Facts and Commission Proceedings

{¶3} Relator was a public school teacher who last taught in December 2010.  On October 19, 2011, STRS received from relator an application for disability retirement benefits in which she asserted that she had both physical and mental limitations that precluded her from teaching.

{¶4} By letter dated July 5, 2012, STRS notified relator that the STRS medical review board had concluded that she did not meet the criteria for permanent disability. The letter informed her that her application would be submitted to the State Teachers Retirement Board ("STRB") during the week of August 13, 2012, and that, if STRB denied her application, she would be notified and provided with instructions for appealing the decision. The letter further advised that, "[i]f you request an appeal following Board action, you will have the opportunity to submit additional information."

{¶5} On August 16, 2012, STRB denied her application for disability benefits. STRS notified relator by letter dated August 17, 2012, that she had 15 days from the receipt of the letter to request an appeal. The letter further advised that "STRS Ohio strictly enforces all deadlines associated with appeals" and that the 15-day deadline to request an appeal "is firm."

{¶6} On August 27, 2012, STRS received a letter sent by attorney Anthony M. DioGuardi, II, concerning relator.  In brief, the letter (1) advised STRS that he represented relator regarding her disability retirement claim; (2) requested, on relator's behalf, an appeal of the denial of her disability application; and (3) requested STRS to direct future inquiries to attorney DioGuardi.

{¶7} Two days later, on August 29, 2012, STRS sent a letter to relator advising that STRS had "received your attorney's request for an appeal hearing."  STRS did not send a copy of the letter to attorney DioGuardi.  The letter advised relator of procedures and

deadlines that were applicable to her appeal. The second page of the letter, titled "STRS Ohio Disability Benefit Appeal Information," advised relator that the disability review panel would review her appeal during the week of October 15, 2012, prior to the appeal being submitted to STRB. It reiterated that relator could submit additional written statements or medical evidence in support of her application and further advised relator of her options to request a personal appearance before the disability review panel and to request a 45-day delay of consideration by the disability review. The letter clearly stated that each of these options was subject to an October 1, 2012 deadline.

{¶8} On September 5, 2012, attorney DioGuardi sent a letter via fax to STRS in which he requested "a complete copy of Ms. Hartman's STRS disability file." He enclosed a release authorization form, signed by relator on August 29, 2012, that authorized STRS to release identified confidential information.

{¶9} On September 6, 2012, STRS sent a cover letter to attorney DioGuardi stating that, in response to relator's request of September 5, 2012, STRS was enclosing "all medical reports related to the current disability benefit application." STRS did not represent that it had included a copy of relator's entire file, nor did it contain a copy of the STRS letter of August 29, 2012, which was previously sent to relator advising her of the October 1, 2012 deadlines relative to her appeal.

{¶10} On October 5, 2012, attorney DioGuardi wrote a letter to STRS in which he reported that he had learned during an October 4, 2012 telephone conversation with an STRS employee that the deadline for the submission of additional evidence had passed. He stated that STRS advised him in that conversation that relator had received the August 29 letter on September 1, 2012, as evidenced by a certified mail receipt.

{¶11} Attorney DioGuardi stated that the purpose of his letter was to request reconsideration of the October 1, 2012 deadline. Attorney DioGuardi stated that, in his view a "copy of the August 29, 2012 letter should have been sent to [his] office on August 9, 2012 since STRS was advised by fax August 27, 2012" that he represented relator. (Oct. 5, 2012 letter.) He further contended that he should have received a copy of the August 29, 2012 letter pursuant to his September 5, 2012 request for a "complete copy" of relator's disability file. He acknowledged his receipt of materials from STRS on September 10, 2012, but observed that those materials did not include a copy of the August 29 letter. He

indicated that, had STRS included a copy of the letter, he could have timely requested an extension of the October 1, 2012 deadline for submitting additional medical information.

{¶12}   On October 8, 2012, STRS replied to attorney DioGuardi's letter, again stating that it strictly enforces all deadlines associated with appeals and requests for delays.  It advised him that STRS had not provided him a copy of the August 29, 2012 letter when it sent the letter to relator because R.C. 3307.20 and Ohio Adm.Code 3307:1-7-05(B)(5)(i) prohibit release of information to a third party unless the member has provided STRS with written authorization. The letter advised that the disability retirement panel would review relator's appeal on October 17, 2012.

{¶13}   The panel reviewed the appeal on October 17, 2012, without having received additional medical evidence from relator.  On October 18, 2012, STRS formally affirmed its prior denial of relator's claim for disability benefits.

{¶14}   On April 8, 2013, relator filed this action in mandamus.  Relator asserts that STRS had a clear legal duty, under R.C. Chapter 3307 and related sections of the Ohio Administrative Code, to provide her with adequate notice of action taken by STRS and to give her notice and a meaningful opportunity to be heard prior to denying her application. She asserts that STRS failed to perform that duty.   She seeks a writ of mandamus that would, in effect, order STRS to rehear her appeal from the denial of her disability retirement application after first having given her the opportunity to submit additional medical information in support of that application.

## II. The Magistrate's Decision

{¶15}   The magistrate determined that STRS had not abused its discretion in failing to send a copy of the August 29, 2012 letter to relator's attorney either before or after receiving the release authorization signed by relator.  Accordingly, the magistrate recommended that we deny the requested writ of mandamus.

{¶16}   The magistrate concluded that STRS did not have a legal obligation under Ohio statute and administrative rule to send a copy of the August 29, 2012 letter to relator's attorney prior to having received a valid authorization to release information to the attorney. The magistrate observed that STRS may not release information concerning one of its members absent the execution of a release authorization.  This is consistent with R.C. 3307.20, which provides that a member's personal records and personal history

record are not open to the public except with the written authorization of the individual concerned.  Similarly,  Ohio Adm.Code 3307:1-7-05(B)(5)(i) mandates that STRS send copies of correspondence to a benefit applicant's attorney "*if* the applicant * * *  has notified the retirement system of representation by counsel *and* signed an appropriate authorization for release of information."  (Emphasis added.)

{¶17}   In this case, however, STRS did not receive relator's authorization to release retirement account information to attorney DioGuardi until September 5, 2012—after the August 29, 2012 letter.  Accordingly, the magistrate concluded that STRS was not legally permitted to send relator's attorney a copy of the August 29  2012 letter at the same time it sent the letter to relator, even though STRS had already been informed that attorney DioGuardi was relator's attorney.

{¶18}   The magistrate further addressed relator's argument that STRS should have forwarded to counsel a copy of the August 29, 2012 letter in response to counsel's request for a "complete copy" of relator's disability file.  The magistrate reviewed the STRS authorization form signed by relator and observed that it did not expressly list prior STRS correspondence to an applicant as being within the scope of the release. *See* appended Magistrate's Decision, ¶ 69  ("prigor letters sent from STRS or STRB to an applicant are not listed as one of the items to which the form pertains").

{¶19}   The magistrate also considered, and rejected, relator's argument that STRS had deprived her of due process in failing to send to her counsel a copy of the August 29, 2012 letter.  Because STRS had acted in compliance with its legal obligations, the magistrate concluded that relator had failed to demonstrate an abuse of discretion by STRS in refusing to reopen relator's application and allow her to submit new medical evidence in support of her disability application.  In the absence of an abuse of discretion, relator was not entitled to a writ of mandamus.

### III.  Parties' Objections and Analysis

{¶20}   Both STRS and relator have filed objections to the magistrate's decision.  To begin, we will address STRS's objections that: (1) the magistrate's decision does not completely reflect the authorization form included in the record on page 104; and (2) the magistrate erred in stating that the STRS authorization for release does not provide for the release of prior letters sent from STRS.  We will also address the objections of relator.

{¶21} Upon reviewing the text of the release authorization as quoted by the magistrate in her decision (appendix at ¶ 68) and the text of the release authorization signed by relator as it is contained in the stipulated evidence, we agree with STRS that the two versions are different. The magistrate's decision should, and is modified to, reflect the text of the release authorization form actually signed by relator. To this extent, we sustain STRS's objection. That text is as follows:

### AUTHORIZATION FOR RELEASE OF RETIREMENT ACCOUNT INFORMATION

This form should be completed and provided to STRS Ohio to authorize STRS Ohio *to release confidential information as described below.* Please allow three weeks for copying or certification of records. If you have questions as you complete this form, an STRS Ohio member service representative will be happy to assist you—just call toll-free 1-888-227-7877.

**Release of personal information (not including medical information)**

Section 3307.20 of the Revised Code and Administrative Code Rule 3307-1-03 [sic] specifically prohibit the release of the following information to a "third party" unless the member or benefit recipient provides written authorization:

- Any record identifying the amount of a benefit paid or payable to any person, and

- Any record identifying the service history or service credit of a member; benefit recipient or the dependents or beneficiaries of a member or benefit recipient.

To authorize release of personal information described above to an authorized agent, complete Sections 1 and 2 of this form.

*To authorize release of personal information described above to an attorney, complete Sections 1 and 3 of this form.*

**Release of medical reports and recommendations**

> Medical reports and recommendations obtained by STRS Ohio for the purpose of determining disability or service benefits under Sections 3307.62, 3307.64 and 3307.66, R.C. are privileged, except that copies of such medical reports and recommendations shall be made available to the member's or individual's personal physician, attorney or authorized agent, upon written release by the member or individual.
>
> To authorize release of medical reports and recommendations to an authorized agent, complete Sections 1, 2 and 5 of this form.
>
> *To authorize release of medical reports and recommendations to an attorney, complete Sections 1, 3 and 5.*
>
> To authorize release of medical reports and recommendations to a personal physician, complete Sections 1, 4 and 5.

(Emphasis added.)

{¶22} Section 1 allowed the applicant to provide information concerning her own identity and contained lines where the applicant could sign and date the authorization. Section 3 allowed the applicant to identify and provide contact information for an attorney. Section 5 allowed the applicant to authorize either the release of all medical reports and recommendations or, alternatively, specifically identified reports and recommendations.

{¶23} We now turn to STRS's substantive objection. STRS asks us to revise the magistrate's decision "to note that STRS may provide copies of correspondence [from STRS] to a member * * * when the applicable sections of the authorization form are filled out and signed by the member." (STRS Objections, 3.) STRS agrees with the magistrate's conclusion that STRS properly responded to counsel's request for records by sending only medical reports. However, STRS's agreement with the magistrate's conclusion is based on different reasons than that of the magistrate, who concluded that STRS properly responded to counsel's request for records by sending only medical reports because the authorization form did not extend to correspondence. STRS contends that the magistrate incorrectly concluded that the form relator signed authorizing release of information to identified third parties did not authorize STRS to release prior letters STRS had previously sent.

{¶24}   Although not entirely clear, it seems STRS is asking this court to opine that a newly revised form, not signed by relator, would authorize release of prior letters if the applicable sections were completed.  STRS notes that, in 2012, the term "personal history record" was specifically defined in Ohio Adm.Code 3307-1-03 to include STRS correspondence. Moreover, it observes that R.C. 3307.20(A)(1) defines an STRS member's "personal history record" as expressly including "correspondence with the state teachers retirement system."   STRS states that this newly revised form makes explicit that the release of personal information includes "correspondence with STRS."

{¶25}   We decline to give an advisory opinion regarding the newly revised form since it was not signed by relator.  Instead, we focus on the form signed by relator which is a part of the record. The form signed by relator did not use the term "personal history record." Rather, the form relator executed authorized release only of "*personal information described above*" (emphasis added); i.e., records identifying the amount of a benefit paid or payable to any person and records identifying the service history or service credit of a member or benefit recipient or the dependent or beneficiaries of a member or benefit recipient.

{¶26}   Relator completed Sections 1, 3, and 5 of the form quoted above. She identified attorney DioGuardi as her attorney in Section 3.  Accordingly, pursuant to the text of the form itself, by executing Sections 1 and 3 of the form, relator authorized release of "personal information as described above" to attorney DioGuardi.   By executing Sections 1, 3, and 5 of the form, she authorized release of "medical reports and recommendations." The form does not, however, authorize release of any other documents other than those specifically described in the form.  The magistrate, therefore, did not err in concluding that relator, in executing the August 29, 2012 release form, did not authorize the release of prior correspondence to her from STRS.

{¶27}   Therefore, we agree with the magistrate's conclusion that the form signed by relator in this case did not authorize STRS to release correspondence concerning relator's application for disability retirement benefits, and, therefore, STRS did not abuse its discretion in failing to send attorney DioGuardi a copy of the August 29, 2012 letter. We overrule STRS's substantive objection.

{¶28}   Relator did not make a specific objection but generally argues that the magistrate erred in concluding that the authorization form signed by relator did not authorize the release of the August 29, 2012 correspondence.  As noted above, we do not find the magistrate erred in this regard.

{¶29}   Relator also contends that STRS reached a decision on her appeal without first having provided her adequate notice of the procedure and deadlines associated with her appeal.  She bases that argument on the fact that STRS did not separately notify her counsel of deadlines, although it notified her personally.  She seeks a writ of mandamus to correct what she asserts was a due process deprivation and seeks an order that STRS provide relator with "adequate notice of its deadlines" and then "resume" the processing of her disability application.

{¶30}   The magistrate concluded that STRS met the basic notice requirement of due process, that being notice that is " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " Appended Magistrate's Decision at ¶ 70, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).   We agree. Using certified mail to send a notice directly to a retirement benefits claimant meets the due process standard established in *Mullane*.[1]

{¶31}   The magistrate observed that relator had been able to obtain counsel based on receipt of STRS's August 17, 2012 notice of the denial of her application.  Moreover, relator has not presented evidence or argued that she did not understand the information contained in the August 29, 2012 letter she received.   Even if her psychological condition had impacted her ability to properly respond to the notice, when engaging in a *Mullane* analysis of the adequacy of notice, the inquiry is centered upon whether the entity giving notice chose a method that is reasonably calculated to apprise parties of the information contained therein. *Accord, In re Babbs*, 10th Dist. No. 03AP-1011, 2004-Ohio-583, ¶ 57

---

[1] We acknowledge STRS's argument that relator is not entitled to procedural due process concerning her appeal because, until her application for benefits has been granted, she lacks a protected property interest. We do not address the merits of that argument because we find, assuming arguendo, that relator was entitled to procedural due process, STRS acted consistently with due process in sending to her by certified mail notice of the deadlines relative to her appeal.

(notice must be " 'of such a nature as reasonably to convey the required information,' " quoting *Mullane*).

{¶32}　Obviously, the current dispute between STRS and relator would have been avoided had relator forwarded the August 29, 2012 letter to her counsel in a timely manner. Moreover, her counsel had already received a copy of STRS's August 17, 2012 letter advising relator that "[a]dditional information regarding the procedures and deadlines for an appeal will be mailed to you if your appeal option is exercised."

{¶33}　Additionally, relator suggests that STRS abused its discretion in not having accommodated attorney DioGuardi's request for "a complete copy" of relator's file, presumably at STRS expense, including a copy of prior STRS correspondence that had already been sent directly to relator. But relator has failed to suggest that a clear legal duty to send the attorney "a complete copy" of the file upon his request is established elsewhere by either statute or rule.

{¶34}　For these reasons , we overrule relator's objections.

{¶35}　Finally, STRS has made additional objections to certain statements which it describes as scrivener's errors. We sustain these objections and modify the magistrate's decision as follows:

> (1.) The release authorization form quoted by the magistrate in her decision (appendix ¶ 68) is replaced by the text discussed above at ¶ 21.
>
> (2.) In ¶ 47 of the appended magistrate's decision, the second sentence is corrected to provide that relator was notified that the deadline for submitting additional medical evidence was October 1, 2012, rather than August 1, 2012.
>
> (3.) In ¶ 57 of the magistrate's decision, the decision is corrected to state that the determination of whether a member is entitled to disability benefits is solely within the province of STRB, pursuant to R.C. 3307.62,[2] rather than 3307.39.

---

[2] *Compare State ex rel. Ackerman v. State Teachers Retirement Bd. of Ohio*, 10th Dist. No. 06AP-1133, 2007-Ohio-3280, ¶ 35, stating as follows:

> In *Fair v. School Employees Retirement System* (1978), 53 Ohio St.2d 118, the court held that the determination of whether a member of the

(4.) The final sentence of the magistrate's decision at ¶ 76 is corrected to state that relator has not demonstrated that STRB, rather than the commission, abused its discretion.

{¶36} For the foregoing reasons, we sustain in part and overrule in part STRS's objections and overrule relator's objections. As modified, we adopt the magistrate's decision as our own and deny the requested writ of mandamus.

*STRS's objections sustained in part and overruled in part; relator's objections overruled; writ of mandamus denied.*

BROWN and O'GRADY, JJ., concur.

_____

School Employees Retirement System ("SERS") is entitled to disability retirement is solely within the province of the SERS retirement board pursuant to R.C. 3309.39. Because the SERS disability statute is virtually identical to the STRB disability statute, the magistrate finds that the court's holding in *Fair* is relevant here. *R.C. 3309.39(C) is nearly identical to R.C. 3307.62(C).* Upon review of that statute, the court in *Fair* stated that the retirement board determines not only whether a member is afflicted with a disease or physical impairment, but, also, whether such conditions prevent the person from satisfactorily performing their job duties. In other words, the decision of whether a member of the retirement system is eligible for disability is solely within the province of the retirement board.

(Emphasis added.)

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Lindi Hartman, | : | |
| | : | |
| Relator, | | |
| | : | No. 13AP-293 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| State Teachers Retirement<br>System of Ohio, | : | |
| | | |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on October 23, 2013**

---

*Baasten, McKinley & Co., L.P.A., Cornelius J. Baasten,* **and**
*Anthony M. DioGuardi, II,* **for relator.**

*Michael DeWine*, **Attorney General, and** *Allan K. Showalter,*
**for respondent.**

---

### IN MANDAMUS

{¶37} Relator, Lindi Hartman, has filed this original action requesting that this court issue a writ of mandamus ordering respondent State Teachers Retirement System of Ohio ("STRS") to allow her to submit additional medical evidence in support of the State Teachers Retirement Board's ("STRB") denial of her application for disability retirement and further ordering the board to consider granting her a disability retirement.

Findings of Fact:

{¶38}    1.  Relator worked as a special education teacher for the Dalton Local School District.

{¶39}    2.  During her employment, relator and her employer made contributions to STRS.

{¶40}    3.  Relator's last date of employment was in June 2012.

{¶41}    4.  In October 2011, relator filed an application for disability retirement with STRS.  Relator indicated that the nature of her physical/mental disability was:

> [P]hysical[-] [Fibromyalgia], constan[t] pain in whole body, trouble sitting [and] standing for long periods of time, during all aspects of a normal day. [M]ental[-] Cannot stay focused, feelings hurt easily, cry a lot. I want to be alone, cannot get even little things done. Do not want to be around people. Back pain= Left side [and] groin down leg to foot[.]

{¶42}    5.  Relator's application was supported by reports from her treating physician.

{¶43}    6.  STRS had relator evaluated by two independent medical examiners.

{¶44}    7.  In a letter dated July 5, 2012, STRS notified relator that it had reviewed the reports of the independent medical examiners and all other information contained in her file and that the Medical Review Board had concluded that she did not meet the criteria for permanent disability.  Relator was also informed that her case would be presented to STRB during the week of August 13, 2012 and that, if official action was taken to deny her application for disability benefits, she would receive written notification of the denial and would be provided with instructions for appealing the decision in accordance with the Ohio Administrative Rules.

{¶45}    8.  In a letter dated August 17, 2012, relator was informed that STRB had taken official action at its August 16, 2012 meeting to deny her application for disability benefits.  Relator was also notified that she had 15 calendar days from the receipt of this letter within which to request an appeal.  Specifically, that notice provided:

> You have the right to appeal the Retirement Board action under Section 3307.62 of the Revised Code and Rule 3307:1-7-05 of the Administrative Code, provided written notification is received by STRS Ohio within 15 calendar days

from your receipt of this letter. The request must be accompanied by a statement from you, your counsel or attending physician that an appeal will be based on evidence contrary to the findings of the Medical Review Board. Additional information regarding the procedures and deadlines for an appeal will be mailed to you if your appeal option is exercised.

STRS Ohio strictly enforces all deadlines associated with appeals. The 15-day deadline for STRS Ohio's receipt of your written request for appeal as stated above is firm. STRS Ohio will not accept postmark dates or any other delay beyond the stated deadline.

{¶46} 9. Relator sought legal counsel and, in a letter dated August 27, 2012 and received by STRS on August 27, 2012, STRS was notified that undersigned counsel represented relator, and that it was relator's intention to appeal. Specifically, the letter provided:

Please be advised that the undersigned and the law firm of Baasten, McKinley & Co., L.P.A. represent Lindi Hartman regarding the above-captioned matter.

I am in receipt of your letter dated August 17, 2012 advising that the STRS Ohio Retirement Board took official action at its meeting on August 16, 2012 to deny Ms. Hartman's application for disability benefits. The purpose of this letter is to request appeal under §3307.62 of the Ohio Revised Code and rule 3307:1-7-05 of the Ohio Administrative Code. The appeal will be based on evidence contrary to the findings of the Medical Review Board. Please direct future inquiries to the undersigned.

If upon review you have any questions or concerns, please fee free to contact the undersigned.

{¶47} 10. In a letter dated August 29, 2012, STRS notified relator that her attorney's request for an appeal had been received. Relator was also notified that the deadline for submitting additional medical evidence in support of appeal was August 1, 2012. Specifically, relator was notified of the following:

Please carefully review the enclosed appeal information that explains your appeal options and the October 1, 2012 deadline associated with each option. STRS Ohio strictly

enforces all deadlines associated with appeals and requests for delays. Additional written information supporting your appeal or your written request for delay as explained in the enclosed appeal information must be received by STRS Ohio by the deadline set forth above. Written information or delay requests received after the deadline will not be considered and will be returned. A faxed letter received on or before the deadline date will be accepted. Any delay requested beyond the stated deadline will not be honored. Information provided to STRS Ohio after the stated deadline will be returned to you.

* * *

You may feel limited by time constraints but wish to submit additional written medical evidence and/or schedule a personal appearance. If so, you may request a 45-day delay in your review before the Disability Review Panel.

A written request for a delay must be received by STRS Ohio by October 1, 2012.

{¶48} 11. In a letter dated September 5, 2012, counsel for relator notified STRS that counsel was enclosing a signed copy of relator's authorization for release of retirement account information and specifically requested the following:

Enclosed please find an Authorization for the Release of Retirement Account Information signed by Lindi Hartman. Please forward a complete copy of Ms. Hartman's STRS disability file to the undersigned.

{¶49} 12. The authorization for release of retirement account information which was attached was signed by relator on August 29, 2012.

{¶50} 13. On September 6, 2012, STRS sent counsel for relator copies of all medical reports related to relator's current disability benefit application. Specifically, the letter accompanying relator's medical records provides:

In response to Ms. Hartman's request received at STRS Ohio on September 5, 2012, enclosed are all medical reports related to the current disability benefit application of Ms. Hartman. These reports are being released to you per Ms. Hartman's written authorization and in your capacity as Ms. Hartman's personal physician, attorney or authorized agent.

{¶51}  14. Relator did not request a hearing by the October 1, 2012 deadline nor did relator submit additional medical information.

{¶52}  15. In a letter dated October 5, 2012, counsel for relator notified STRS that he had failed to receive a copy of STRS's August 29, 2012 letter wherein STRS had notified relator that the deadline for submitting additional medical evidence or requesting an extension of time in which to do so was October 1, 2012.  Counsel specifically requested that STRS reconsider the deadline and provide relator an opportunity to submit additional medical information.  Specifically, that letter provides:

> I had occasion to call STRS on October 4, 2012 regarding a missing page from a medical report in Ms. Hartman's disability file which I received on September 10, 2012. I spoke with Beth Derstine on Friday, October 5, 2012 and advised that I found the missing page in a different part of the packet. Since I had not heard from STRS with respect to any of the deadlines associated with Ms. Hartman's appeal, I asked Ms. Derstine when the same would be forthcoming. She advised me that a letter was sent to Ms. Hartman on August 29, 2012 by certified mail advising of her deadline to submit additional information and/or request a delay. Ms. Derstine advised that Ms. Hartman signed for that letter September 1, 2012. The deadline to submit additional information and/or request a delay was October 1, 2012.
>
> I did not receive the August 29, 2012 letter from STRS. I originally sent a letter to STRS on August 27, 2012, (copy enclosed), advising that I represented Ms. Hartman and requesting appeal of the denial of her disability application. I asked that future inquiries be directed to me. Apparently, two days later, STRS mailed Ms. Hartman the letter with the deadlines, but I was not copied on the same. Ms. Derstine indicated that I was not copied because STRS did not have a signed Authorization. However, my letter of August 27 clearly indicates that I represent Ms. Hartman. Also, by letter dated September 5, 2012, (copy enclosed), I provided an Authorization for the Release of Retirement Account Information signed by Ms. Hartman and requested a complete copy of her STRS disability file. I received that "file" on September 10, 2012, but the letter dated August 29, 2012 advising of the time deadlines was not enclosed therein.
>
> The purpose of this letter is to request a reconsideration of the deadlines provided in the letter dated August 29, 2012

which was not received by Ms. Hartman's authorized representative. A copy of the August 29, 2012 letter should have been sent to my office on August 29, 2012 since STRS was advised by fax August 27, 2012 that we were Ms. Hartman's representative. Also, the August 29, 2012 letter should have been included in the complete copy of Ms. Hartman's disability file which was requested on September 5, 2012. I received that file on September 10 and I would have been able to request a delay to submit additional information and to request a personal appearance.

It is absolutely a denial of due process for Ms. Hartman's representative to not be informed of the deadlines provide by STRS. I will also add that Ms. Hartman is claiming disability due to mental illness. Indeed, the examining physician for STRS opines that Ms. Hartman is disabled due to her mental illness. I ask that you please give this important consideration the attention it deserves.

(Emphasis sic.)

{¶53} 16. In a letter dated October 8, 2012, counsel for relator was advised that an extension of time would not be granted. Specifically, counsel was advised that a copy of the August 29, 2012 letter had not been mailed to him because STRS had not yet received a signed copy of the authorization for release of account information and that, pursuant to the Ohio Revised Code and the Ohio Administrative Code, STRS was not permitted to send him a copy of that letter when it was sent to relator. Specifically, the October 8, 2012 letter provides:

On August 27, 2012, STRS Ohio received a request for an appeal of the Retirement Board's August 16, 2012, denial of Ms. Hartman's disability benefits application. In response, a letter dated August 29, 2012, was sent to Ms. Hartman explaining all appeal options and the October 1, 2012, deadline associated with each option. A carbon copy of the August 29, 2012, letter was not mailed to you per 3307.20 of the Ohio Revised code and Ohio Administrative Code 3307:1-7-05(B)(5)(i) prohibiting the release of information to a third party unless written authorization is provided by the member or benefit recipient.

An *Authorization for Release of Retirement Account Information* form was received on September 5, 2012, authorizing the release of all medical reports from STRS

Ohio, with an attached letter from your office requesting a copy of the disability file. Another *Authorization for Release of Retirement Account Information* form was received on September 6, 2012 from the member, again authorizing the release of medical reports. Per letter dated September 6, 2012 to your office, the requested and authorized medical records were mailed to your office.

{¶54}  17.  In a letter dated October 19, 2012, relator was informed that an appeal hearing had been held on October 17, 2012 and that, on October 18, 2012, the STRB took official action to affirm its prior decision to deny relator's application for disability benefits.

{¶55}  18.  Thereafter, relator filed the instant mandamus action in this court.

 Conclusions of Law:

{¶56}  Finding that STRS did not abuse its discretion, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶57}  Pursuant to R.C. 3307.39, the determination of whether a member of STRS is entitled to disability retirement benefits is solely within the province of the STRB.  See also State ex rel. McMaster v. School Emp. Retirement Sys., 69 Ohio St.3d 130 (1994). However, the determination that an applicant is not entitled to disability retirement benefits is subject to review in a mandamus proceeding.  Id.

{¶58}  In order to obtain a writ of mandamus, relator must demonstrate that:  (1) she has a clear legal right to the relief requested; (2) STRB has a clear legal duty to provide the relief requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law.  State ex rel. Gill v. School Emp. Retirement Sys. of Ohio, 121 Ohio St.3d 567, 2009-Ohio-1358.  See also State ex rel. Berger v. McMonagle, 6 Ohio St.3d 28 (1983).

{¶59}  R.C. 3307.62 pertains to disability coverage and provides, in pertinent part:

(A) The state teachers retirement system shall provide disability coverage to each member participating in the STRS defined benefit plan who meets either of the following:

(1) If the member earned service credit before July 1, 2013, has at least five years of qualifying service credit;

(2) If the member did not earn any service credit before July 1, 2013, has at least ten years of qualifying service credit.

* * *

(B) Application for a disability benefit may be made by a member, * * *. The application for a disability benefit shall be made on a form approved by the board.

* * *

(C) Medical examination of the member shall be conducted by a competent, disinterested physician or physicians selected by the board to determine whether the member is mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application.

(D) Application for a disability benefit must be made within a two-year period from the date the member's contributing service terminated, unless the board determines that the member's medical records demonstrate conclusively that at the time the period expired the member was physically or mentally incapacitated and unable to make application, except that if the member did not earn any service credit before July 1, 2013, application must be made within a one-year period from the date contributing service terminated.

* * *

(F) The state teachers retirement board shall render an order determining whether or not the applicant shall be granted a disability benefit. Notification to the applicant shall be issued, and upon the request of an applicant who is denied a disability benefit, a hearing or appeal relative to such order shall be conducted in accordance with procedures established by the retirement board.

{¶60} Ohio Adm.Code 3307:1-7-05, titled "Disability benefits-denials and terminations" supplements the Ohio Revised Code. Ohio Adm.Code 3307:1-7-05(B) provides, in pertinent part:

Following board action terminating or denying disability benefits:

(1) The applicant or recipient will be informed in writing of the action taken by the board. Notification shall include:

(a) A statement that medical evaluation and board action was conducted in accordance with section 3307.48 or 3307.62 of the Revised Code.

(b) Confirmation that the applicant or recipient has the right to appeal the board action.

(c) A statement explaining that written notice of appeal must be filed with the retirement system no later than fifteen calendar days from receipt of notification of denial or termination.

(d) An explanation of future rights and limitations upon the rights to again apply for disability benefits if an appeal is not pursued.

{¶61}   Ohio Adm.Code 3307:1-7-05(B)(2) provides the procedure for exercising an appeal:

Procedure for exercising right to appeal:

(a) Written notice of appeal, accompanied by a statement from the applicant or recipient, his or her counsel and/or attending physician that an appeal will be based on evidence contrary to the findings of the independent medical examiners, must be filed with the retirement system within fifteen calendar days of receipt of notification of board action.

{¶62}   After the written notice of appeal is filed, Ohio Adm.Code 3307:1-7-05(B)(3) provides, in pertinent part:

Following the retirement system's timely receipt of written notice of appeal from an applicant or recipient, the retirement system shall provide the applicant or recipient with the following information confirming the appeal:

(a) Confirmation that the applicant or recipient, counsel for the applicant or the recipient, and/or person acting on the member's behalf, member's employer, or attending physician may present additional medical evidence orally at an appeal hearing that will be scheduled by the retirement system or that additional medical evidence may be presented in

writing. Such additional medical evidence shall not have been previously considered by the independent medical examiner or the medical review board. Additional medical evidence presented in writing must be received by the retirement system on or before the deadline date provided by the retirement system and may not be submitted at the appeal hearing. The deadline date for submitting additional medical evidence in writing shall be at least twelve business days before the date of the scheduled appeal hearing.

(b) Notice that the applicant or recipient may appear at the appeal hearing in person, be represented by counsel and/or an attending physician, or may choose to not appear in person but have the case reviewed by the retirement board or its designee(s).

(c) Notice that if a personal appearance at the appeal hearing is requested by the deadline date provided by the retirement system, the applicant or recipient shall inform the board of the name, title, and position of each person appearing on his/her behalf.

(d) Notice that the applicant or recipient may request up to two delays of the deadline date provided by the retirement system, as set forth in paragraph (B)(4) of this rule.

(e) An explanation of the procedures and limitations applicable to the appeal hearing, as set forth in paragraph (B) of this rule.

(f) A statement explaining that any costs incurred by the applicant or recipient in the appeal will not be reimbursed by the retirement system.

{¶63} Further, pursuant to Ohio Adm.Code 3307:1-7-05(B)(4), STRB may grant two delays in the deadline date provided that the requests are submitted in writing and is received on or before the deadline date provided by the retirement system.

{¶64} Thereafter, Ohio Adm.Code 3307:1-7-05(B)(5), provides for the scope and procedure upon appeal. Specifically, with regards to communications and notifications, (B)(5)(i) provides:

All communications or notifications during the appeal process shall be sent to the applicant or recipient by certified or priority mail, with copies by regular mail to counsel if the

applicant or recipient has notified the retirement system of representation by counsel and signed an appropriate authorization for release of information.

{¶65} As indicated above, all communications and notifications during the appeals process shall be sent to the applicant with copies to counsel *if* the applicant has notified STRS that they are represented by counsel *and* sign the appropriate authorization for release of information.

{¶66} In the present case, relator's counsel had sent STRS a letter indicating that relator was indeed represented by counsel. As noted in the findings of fact, this letter dated August 27, 2012 was received by STRS on August 27, 2012. As such, the first condition was met. However, at that time, relator had not submitted an authorization for release of retirement account information. That release was submitted to STRS on September 5, 2012. However, it was on August 29, 2012, that STRS had sent relator a letter notifying her that October 1, 2012 was the deadline for her to submit additional medical evidence or to request an extension of time within which to do so.

{¶67} The statute and the Administrative Code provision did not permit STRS to send a copy of the August 29, 2012 letter to relator's counsel.

{¶68} Although STRS was not required to send a copy of the August 29, 2012 letter to relator's counsel, relator contends that, when STRS did receive her signed copy of the authorization for release of retirement account information, STRS *should have* forwarded to her counsel not only a copy of the medical evidence in her record but any letters and other notices which had been sent to her. However, the release itself does not provide for such. Specifically, the form provides, in relevant part, as follows:

> This form should be completed and provided to STRS Ohio to authorize STRS Ohio to release confidential information as described below. Please allow three weeks for copying or certification of records. Medical reports and recommendations will be sent by mail only.
>
> **Release of personal information (not including medical information)**
>
> Sections 1 and 2 must be completed to authorize release of personal information described below to an authorized agent or attorney.

Section 3307.20 of the Revised Code and Administrative Code Rule 3307-1-03 specifically prohibit the release of any part of a member's or benefit recipient's personal history record including the following information to a "third party" unless written authorization is provided by the member or benefit recipient:

Any record identifying the amount of a benefit paid or payable to any person or the account balance;

Any record identifying the service history or service credit of a member, benefit recipient or the dependents or beneficiaries of a member or benefit recipient; and

Any record that includes a member's or benefit recipient's address, email address, phone number, Social Security number or correspondence with STRS Ohio.

**Release of medical reports and recommendations**

Sections 1, 2 and 3 must be completed to authorize release of medical reports and recommendations to a personal physician, attorney or authorized agent. If you would like medical reports and recommendations to be sent to an authorized agent, the agent must also provide a signed letter stating they accept the responsibility of receiving your medical information.

Medical reports and recommendations obtained by STRS Ohio for the purpose of determining disability or survivor benefits under Sections 3307.48, 3307.62 or 3307.66, R.C., are privileged, except that copies of such medical reports and recommendations shall be made available to the member's or individual's personal physician, attorney or authorized agent, upon written release by the member or individual. No medical report or recommendation shall be released to the individual concerned.

{¶69} As above indicated, prior letters sent from STRS or STRB to an applicant are not listed as one of the items to which the form pertains. The record demonstrates that STRS properly notified relator of her disability appeal hearing and the associated deadline as required by the Administrative Code. Further, the record indicates that STRS properly responded to counsel's request for a copy of relator's file. Is it unfortunate that counsel did

not know of the October 1, 2012 deadline?  Yes it is; however, STRS properly applied the law and did not abuse its discretion.

{¶70}   Relator cites *Mullane v. Central Hanover Bank & Trust Co.,* 70 S.Ct. 652, (1950), asserting that the basic requirement of due process is whether the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at ¶ 8.

{¶71}   For the reasons that follow, the magistrate finds that the notice STRS provided was sufficient under the test articulated by the United States Supreme Court.

{¶72}   The controversy in *Mullane* involved the constitutional sufficiency of notice to more than 100 trust beneficiaries on judicial settlement of accounts by the trustee of a common fund.  There were more than 100 trust beneficiaries to whom the only notice given was via newspaper publication for four successive weeks.  In finding that the notice was insufficient, the Supreme Court stated that sufficient notice must be "reasonably calculated under, all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at ¶ 8

{¶73}   Relator contends that the medical evidence demonstrates that relator's psychological condition rendered her mentally impaired and, as such, to the extent that the notice otherwise would have been fair and satisfied due process, here it did not.

{¶74}   The magistrate disagrees with relator's contention.  On August 17, 2012, relator received a letter informing her that her disability retirement had been denied and telling her that she had the right to appeal.  After having received that letter, relator obtained counsel.  Clearly she was able to understand the nature of the August 17, 2012 letter and made an informed choice to seek counsel.  Less than two weeks later, relator would have received the August 29, 2012 letter from STRS notifying her that her counsel had filed an appeal on her behalf and informing her of the deadline by which time additional evidence would need to be submitted.

{¶75}   Relator has not argued that she did not receive this letter, nor has she argued that she did not understand the information contained in the letter.  The

magistrate finds that, to the extent relator makes a due-process argument, it is not well-founded.

{¶76}   Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion and that this court should deny relator's request for a writ of mandamus.

/S/MAGISTRATE_____
STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).