[Cite as *Franta v. State Teachers Retirement Sys.*, 2020-Ohio-6843.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cindy Franta, | : | |
| Relator-Appellant, | : | No. 20AP-230 |
| v. | : | (C.P.C. No. 18CV-3037) |
| State Teachers Retirement System of Ohio, | : | (ACCELERATED CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on December 22, 2020

**On brief:** *Agee Clymer Mitchell & Portman*, and *Frederic A. Portman*, for appellant.

**On brief:** *Dave Yost*, Attorney General, *Samuel A. Peppers*, and *Mary Therese J. Bridge*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Relator-appellant, Cindy Franta, appeals from a judgment of the Franklin County Court of Common Pleas in favor of respondent-appellee, State Teachers Retirement System of Ohio ("STRS"). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On April 7, 2014, appellant submitted an application for disability benefits through STRS claiming permanent disability originating out of degenerative disc disease and depression. By letter dated August 5, 2014, STRS notified appellant that she did not meet the criteria for STRS permanent disability benefits and that her case would be presented to the STRS Retirement Board on August 14, 2014 with the Medical Review Board's recommendation. The letter noted that if official action is taken to deny appellant's

claim, she would have the opportunity to appeal and submit additional information.  On August 18, 2014, STRS issued a letter informing appellant that the STRS Retirement Board took official action to deny her application for disability benefits.  The letter stated in relevant part:

> Medical evaluation and Board action was conducted in accordance with section [sic] 3307.62 of the Revised Code. You have the right to appeal the Retirement Board action under Section 3307.62 of the Revised Code and Rule 3307:1-7-05 of the Administrative Code, provided written notice of appeal is received by STRS Ohio within 15 calendar days from your receipt of this letter. The request must be accompanied by a statement from you, your counsel or attending physician that an appeal will be based on additional medical evidence contrary to the findings of the Medical Review Board. Additional information regarding the procedures and deadlines for an appeal will be mailed to you if your appeal option is exercised.
>
> **STRS Ohio strictly enforces all deadlines associated with appeals. The 15-day deadline for STRS Ohio's receipt of your written request for appeal as stated above is firm. STRS Ohio will not accept postmark dates or any other delay beyond the stated deadline.**

(Emphasis sic.)  (Record of Proceedings at 8; Aug. 18, 2014 Letter.)

{¶ 3}  On August 25, 2014, counsel for appellant sent a letter to STRS providing notice of representation and appellant's desire to appeal the denial of her disability benefits application.  The letter was received by STRS on August 27, 2014.  On August 29, 2014, STRS sent a letter to appellant that it was in receipt of her counsel's August 27, 2014 written notice of appeal and, if she desired to authorize counsel as a representative, she must complete the enclosed authorization form.  The letter went on to outline appellant's various appeal options going forward.

{¶ 4}  The letter stated in relevant part:

> Please carefully review the enclosed information that explains your appeal options and the September 29, 2014 deadline associated with each option. * * * **STRS Ohio strictly enforces all deadlines associated with appeals and requests for delays. Additional medical evidence supporting your appeal or your written request for delay as explained in the enclosed appeal**

**information must be received by STRS Ohio by the deadline set forth above. Written information or delay requests received after the deadline will not be considered and will be returned**.

(Emphasis sic.)  (Record of Proceedings at 10; Aug. 29, 2014 Letter.)

{¶ 5}   Enclosed with the August 29, 2014 correspondence was the "STRS Ohio Disability Benefit Appeal Information."  (Record of Proceedings at 11; Aug. 29, 2014 Letter.) The appeal information noted that appellant had until September 29, 2014 to submit additional medical evidence, request a personal appearance, or request a 45-day delay in review.  STRS noted that the Disability Review Panel would review the appeal the week of October 13, 2014 before submitting a recommendation to the STRS Retirement Board. STRS reiterated it "**strictly enforces all deadlines associated with appeals and requests for delays.  Additional written information supporting your appeal or written request for delay must be received by STRS Ohio by the deadline date set forth above**."  (Emphasis sic.)  (Record of Proceedings at 11; STRS Ohio Disability Benefit Appeal Information.)

{¶ 6}   On September 3, 2014, STRS received appellant's authorization for release of retirement account information.  In a letter dated September 5, 2014, STRS provided counsel for appellant "all medical reports and application correspondence related to the current disability benefit application of Ms. Franta."  (Record of Proceedings at 15; Sept. 5, 2014 Letter.)  On September 23, 2014, counsel for appellant sent STRS a letter and additional medical evidence for the Disability Review Panel's consideration.  STRS received the letter and documentation on September 24, 2014.  There is no evidence in the record that appellant or counsel requested a personal appearance before the Disability Review Panel by the September 29, 2014 deadline.

{¶ 7}   By letter dated September 30, 2014, STRS notified appellant and counsel that it had received the additional medical information and the Medical Review Board did not find there was substantial evidence contrary to the prior decision.  Appellant was advised the Disability Review Panel would review the appeal the week of October 13, 2014 and provide a recommendation to the Retirement Board.  On October 15, 2014, the Disability Review Panel conducted an appeal hearing regarding the denial of appellant's disability benefits.  STRS affirmed the denial of disability benefits on October 16, 2014.  By letter

dated October 17, 2014, STRS notified appellant and counsel that the previous decision to deny appellant's disability benefits was affirmed.

{¶ 8} On October 24, 2014, counsel for appellant sent a letter to STRS stating that he was never informed of the October 15, 2014 hearing. Counsel requested the hearing be rescheduled so that he may appear with his client. STRS issued a letter in response to counsel's request on November 3, 2014. The letter reads in relevant part:

> STRS Ohio strictly enforces all deadlines associated with appeals and requests for delays. Ms. Franta received her appeal confirmation letter dated August 29, 2014. This letter outlined her September 29, 2014 deadline date to request a personal appearance. STRS Ohio provided you with Ms. Franta's disability file and correspondence on September 5, 2014. The appeal confirmation letter would have been included in that information to you.

> The deadline to submit additional information for review by the Medical Review Board was September 29, 2014. Since your request for a personal appearance was not received by the deadline, it cannot be considered and the October 16, 2014 action of the Retirement Board is final.

(Record of Proceedings at 22; Nov. 3, 2014 Letter.)

{¶ 9} According to appellant, on February 22, 2017, she filed a second application for disability benefits, but STRS refused to process the application. On April 10, 2018, appellant filed a complaint in mandamus with the Franklin County Court of Common Pleas. In the complaint, appellant asked the court to order STRS to schedule a new hearing, notify appellant and counsel of the date and time of the hearing, and allow her an opportunity to present new evidence. On June 28, 2018, appellant filed a motion for summary judgment arguing appellee failed to comply with the notice requirements of Ohio Adm.Code 3307:1-7-05 by not informing appellant of the date and time of the appeal hearing. On July 12, 2018, respondent filed a combined memorandum in opposition and motion for summary judgment with the trial court. STRS argued appellant's request for a writ of mandamus should be denied contending it had complied with the notice provisions of Ohio Adm.Code 3307:1-7-05. On April 10, 2020, the trial court ruled in favor of STRS's motion for summary judgment and denied appellant's motion. The trial court found there was evidence to support STRS's decision to deny appellant's untimely request for a personal appearance

before the Disability Review Panel as neither appellant nor her attorney requested to personally appear before the September 29, 2014 deadline.

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

1. The Lower Court erred when it granted Respondent's Motion for Summary Judgment.

2. The Lower Court erred when it denied Relator's Motion for Summary Judgment.

3. The Lower Court erred when it failed to consider Relator's affidavit.

## III. LEGAL ANALYSIS

### A. Appellant's First and Second Assignments of Error

{¶ 12} For ease of discussion, appellant's first two assignments of error will be addressed together. In her first two assignments of error, appellant contests the trial court's ruling on the competing motions for summary judgment that consider whether STRS complied with the notice requirements of Ohio Adm.Code 3307:1-7-05. According to appellant, the trial court erred in failing to find STRS was required to provide appellant notice of the date and time of the appeal hearing under Ohio Adm.Code 3307:1-7-05. For the reasons that follow, we disagree.

{¶ 13} Appellate review of a motion for summary judgment in a mandamus action is de novo. *State ex rel. Phelps v. McClelland*, ___ Ohio St.3d ___, 2020-Ohio-831, ¶ 11 (slip opinion), citing *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 17. " 'Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ' " *State ex rel. Anderson v. Vermillion*, 134 Ohio St.3d 120, 2012-Ohio-5320, ¶ 9, quoting *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, ¶ 12, quoting Civ.R. 56(C).

{¶ 14} Mandamus is an extraordinary remedy only granted with caution and when the right is clear. *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 19AP-370, 2020-Ohio-251, ¶ 15, quoting *PNP, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-36, 2013-Ohio-4344, ¶ 13, citing *State ex rel. Rittner v. Bumb*, 6th Dist. No. F-07-017, 2007-

Ohio-5319, ¶ 16. "A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *Walsh* at ¶ 18, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. "[M]andamus is available to correct an abuse of discretion by the board in its determination concerning disability-retirement benefits." *State ex rel. Hulls v. State Teachers Retirement Bd.*, 113 Ohio St.3d 438, 2007-Ohio-2337, ¶ 27, citing *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, ¶ 14 ("The determination by the [State Teachers Retirement System] and its retirement board [the State Teachers Retirement Board] of whether a person is entitled to disability retirement benefits is reviewable by mandamus because R.C. 3307.62 does not provide any appeal from the administrative determination.").

{¶ 15} In a mandamus case, petitioner holds the burden to demonstrate, by clear and convincing evidence, that the writ be granted. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 55. Accordingly, the board's decision must be supported by "some evidence." *State ex rel. Altman-Bates v. Pub. Emps. Retirement Bd.*, 148 Ohio St.3d 21, 2016-Ohio-3100, ¶ 22, citing *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 26-27. "A clear legal right to the requested relief in mandamus exists 'where the board abuses its discretion by entering an order which is not supported by "some evidence." ' " *State ex rel. Marmaduke v. Ohio Police & Fire Pension Fund*, 10th Dist. No. 14AP-489, 2015-Ohio-2491, ¶ 8, quoting *Kinsey v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund of Ohio*, 49 Ohio St.3d 224, 225 (1990).

{¶ 16} Pursuant to R.C. 3307.62(F), once the STRS Retirement Board renders an order whether or not an applicant will receive disability benefits, "[n]otification to the applicant shall be issued, and upon the request of an applicant who is denied a disability benefit, a hearing or appeal relative to such order shall be conducted in accordance with procedures established by the retirement board." Ohio Adm.Code 3307:1-7-05 supplements R.C. 3307.62 by providing the procedures and notice requirements to appeal the denial of a disability benefits application. Ohio Adm.Code 3307:1-7-05(B)(3) reads:

> Following the retirement system's timely receipt of written notice of appeal from an applicant or recipient, the retirement

system shall provide the applicant or recipient with the following information confirming the appeal:

(a) Confirmation that the applicant or recipient, counsel for the applicant or the recipient, and/or person acting on the member's behalf, member's employer, or attending physician may present additional medical evidence orally at an appeal hearing that will be scheduled by the retirement system or that additional medical evidence as defined in this rule may be presented in writing. Such additional medical evidence shall not have been previously considered by the independent medical examiner or the medical review board. Additional medical evidence presented in writing must be received by the retirement system on or before the deadline date provided by the retirement system, which shall be at least twelve business days before the date of the scheduled appeal hearing.

* * *

(b) Notice that the applicant or recipient may appear at the appeal hearing in person, be represented by counsel and/or an attending physician, or may choose to not appear in person but have the case reviewed by the retirement board or its designee(s).

(c) Notice that if a personal appearance at the appeal hearing is requested by the deadline date provided by the retirement system, the applicant or recipient shall inform the retirement board of the name, title, and position of each person appearing on his/her behalf.

If a personal appearance is requested and scheduled, the applicant or recipient shall appear at the appeal hearing on the date and at the time specified by the retirement system. If the applicant or recipient fails to appear on the specified date and time for any reason, all rights to a personal appearance at an appeal shall terminate and the appeal shall be decided on the basis of written evidence previously submitted.

(d) Notice that the applicant or recipient may request up to two delays of the deadline date provided by the retirement system, as set forth in paragraph (B)(4) of this rule.

(e) An explanation of the procedures and limitations applicable to the appeal hearing, as set forth in paragraph (B) of this rule.

{¶ 17} Ohio Adm.Code 3307:1-7-05(B)(5) provides the procedure for communications and notifications to applicants stating:

> All communications or notifications during the appeal process shall be sent to the applicant or recipient by certified or priority mail, with copies by regular mail to counsel if the applicant or recipient has notified the retirement system of representation by counsel and signed an appropriate authorization for release of information.

Ohio Adm.Code 3307:1-7-05(B)(5)(h).

{¶ 18} There are two decisions from this court that set forth the legal framework for our analysis in this appeal:  *State ex rel. Hartman v. State Teachers Retirement Sys.*, 10th Dist. No. 13AP-293, 2014-Ohio-1379; and *State ex rel. Crabtree v. State Teachers Retirement Sys. Bd. of Ohio*, 10th Dist. No. 11AP-187, 2012-Ohio-1916.

{¶ 19} In *Crabtree*, relator filed a mandamus action seeking an order requiring STRS to vacate its decision denying relator's request to appeal the termination of his disability benefits.  Relator mailed and faxed a copy of the appeal but the fax was not successful, and the letter was not received until the day after the appeal deadline.

{¶ 20} Relator in *Crabtree* filed a mandamus action to require the STRS Retirement Board to issue a new notification letter that included a revised appeal deadline or to allow relator's appeal to proceed on a presumption of timeliness.  The case was referred to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M)[1] of the Tenth District Court of Appeals.  The magistrate recommended relator's request for a writ of mandamus be denied finding Ohio Adm.Code 3307:1-7-05(B)(2)(a) provided that the notice of appeal had to be "filed" by the deadline, not merely delivered.  The magistrate further found mailing a letter was not sufficient to constitute "filing" as the term was used in Ohio Adm.Code 3307:1-7-05(B)(2)(a).  This court, in adopting the magistrate's decision as its own, concluded that in order for relator to perfect a timely appeal it was necessary that STRS actually receive the notice prior to the expiration of the deadline.  In other words, this court determined STRS did not err when it insisted on strict compliance with the appeal procedures set forth in the Ohio Administrative Code.

{¶ 21} This court reached a similar result in *Hartman*.  After relator's application for disability benefits was denied, counsel for Hartman sent a letter to STRS providing notice of representation and appellant's desire to appeal the denial of her disability benefits

---

[1] There is a typographical error in *Crabtree* mistakenly citing Loc.R. 12 instead of Loc.R. 13.

application.  STRS was advised to direct all subsequent inquiries to counsel's office. Counsel for Hartman later sent a signed authorization form allowing STRS to release Hartman's confidential information.  STRS sent all medical reports with the records but did not produce a copy of the entire file as the authorization form only allowed for the dissemination of medical records.  Relator in *Hartman* failed to request a hearing or provide additional medical information by the deadline.  Counsel later sent STRS a letter he was not aware of the deadlines as he never received a copy of the letter sent to Hartman. STRS denied Hartman's request for additional time to comply with the deadlines.  Hartman filed a mandamus action that would order STRS to rehear the appeal after allowing her the opportunity to submit additional medical information.  Hartman argued STRS had a duty under the Ohio Revised Code and the Ohio Administrative Code to provide adequate notice of the action and notice to be heard prior to denying her application.

{¶ 22}  This court agreed with the magistrate's recommendation that the form signed by relator did not authorize STRS to release correspondence concerning relator's application for disability retirement benefits and, therefore, STRS did not abuse its discretion in failing to send relator's attorney a copy of the letter.

{¶ 23} In the present case, the August 29, 2014 letter provided appellant confirmation that STRS was in receipt of her notice to appeal and informed appellant of her appeal options.  Appellant was advised that she may provide additional medical evidence, request to personally appear at the hearing, and request a delay in review subject to the September 29, 2014 deadline.  As STRS emphasized, in bold lettering, all deadlines are "strictly enforce[d]."  (Record of Proceedings at 10; Aug. 29, 2014 Letter.)  On September 5, 2014, after receiving the signed authorization pursuant to R.C. 3307.20, STRS provided appellant's counsel all medical information and correspondence related to the current disability benefit application.

{¶ 24} Here, unlike *Hartman*, counsel for appellant was provided with all of appellant's correspondence, including the August 29, 2014 letter, which outlined the appeal options that appellant could pursue before the September 29, 2014 deadline.  It is clear from the record that appellant and counsel reviewed the letter as they provided additional medical evidence in their September 23, 2014 correspondence.  Like *Crabtree* and *Hartman*, appellant failed to meet the deadline.  STRS consistently cautioned appellant

throughout the appeal process all deadlines would be strictly enforced. (Record of Proceedings at 8, 10, 11, 22; Aug. 18, 2014 Letter, Aug. 29, 2014 Letter, STRS Ohio Disability Benefit Appeal Information, Nov. 3, 2014 Letter.) We conclude the trial court did not err in finding on the basis of uncontested facts that there was some evidence to support STRS's decision to deny appellant's untimely request to personally appear before the Disability Review Panel.

{¶ 25} Accordingly, we overrule appellant's first and second assignments of error.

**B. Appellant's Third Assignment of Error**

{¶ 26} In her third assignment of error, appellant argues the trial court erred in failing to consider the June 20, 2018 affidavit attached to her motion for summary judgment. Because we find the trial court did consider appellant's affidavit, we disagree.

{¶ 27} In its April 10, 2020 decision, the trial court cited directly from appellant's affidavit. The trial court wrote, "[a]ccording to an affidavit that Ms. Franta executed on June 20, 2018 and filed with this Court on June 28, 2018, she filed another application for disability benefits on February 22, 2017 but STRS 'refused to process' the application." (Decision & Jgmt. Entry at 7.) Based on the trial court's reference to appellant's affidavit in the body of the decision, we believe that it reviewed the affidavit and considered its contents in forming its judgment. As such, we find appellant's argument the trial court failed to consider appellant's June 20, 2018 affidavit to be without merit.

{¶ 28} Based on the forgoing, we overrule appellant's third assignment of error.

**IV. CONCLUSION**

{¶ 29} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and NELSON, JJ., concur.

_____